### REID v. STEVENS.

1. MORTGAGES—MERGER.—When plaintiff purchased a first mortgage, and charged on his books of account to the husband of mortgagor the amount paid, and agreed, at the time when he took another mortgage from this same mortgagor to secure the account due by her husband, to surrender this first mortgage, it was merged in the second mortgage and extinguished.

2. IBID.—MARRIED WOMEN—ACT OF 1887.—Is a married woman bound by a mortgage of her separate estate, executed while the act of 1887 (19 Stat., 819) was in force, where there is no declaration in such mortgage of her intention thereby to charge the mortgaged property?

3. IBID.—IBID.—IBID.—A mortgage, in the usual form, not containing in words the specific declaration by mortgagor of her intention thereby to charge the property described, is not a sufficient declaration of a married woman's intention to charge, within the meaning of the married woman's act of 1887, 19 Stat., 819.

4. IBID.—IBID.—PRIOR LIENS.—A married woman is bound by her mortgage of her separate property, to the extent, that the consideration thereof is a prior mortgage of hers to another person, whether purchased by the pres-

ent mortgagee, without knowledge of its consideration, or with such knowledge, if paid off at the request of the married woman—a loan by her to pay a debt which purported to be a lien on her property.

5. Findings of Fact by the Circuit Judge from a conflict of testimony, sustained.

6. Mortgage by Married Woman—Onus Probandi.—A mortgage being given by a married woman, the burden of proof is on the mortgagee, when seeking foreclosure, to show that the mortgage was given to secure a debt which was contracted as to her separate property ; and the weight of testimony in this case showing that the debt secured was in part a debt of her husband, the mortgage, as to that indebtedness, is not binding upon the mortgagor.

7. Interest.—In the absence of a written agreement as to the rate of interest, seven per cent. is the rate to be charged.

Before Norton, J., Edgefield, August, 1892.

Action by George T. Reid and William Reid, partners as George T. Reid & Co., against Matilda J. Stevens, commenced in August, 1891, to foreclose two mortgages. The Circuit decree was as follows:

This action is brought to foreclose two mortgages made by the defendant, a married woman, the one to J. P. Phillips, assigned by him to Hipp, and by Hipp to the plaintiffs, and the other made to the plaintiffs. The defendant pleads that the first has been paid, and that it was not made with reference to her separate estate, and that it was collateral to a debt of her husband; and that the second was collateral to a debt of her husband, not relating to her separate estate, and does not show on its face any intention to bind her separate estate.

The first mortgage was to secure a note for $321 to Phillips, the consideration of which does not appear, but was really for a horse sold by Phillips to defendant's husband, and for goods sold, and to be sold, by him to her and her husband jointly—a partnership. At the date of said mortgage, she had not the power to bind her separate estate for either debt, but she afterwards requested plaintiffs to purchase this note and mortgage, which seemed to bind her separate estate, and she is now estopped from denying that it does. *Wallace* v. *Carter*, 32 S. C., 314. Plaintiffs are entitled to recover thereon the sum of one

hundred and seventy-nine dollars and seventy-five cents, including interest to this date (27th of August, 1892).

The second mortgage was made to plaintiffs 20th of May, 1889, and is authorized by act of 23d December, 1887, without reference to whose debt it is intended to secure. The limiting clause of that statute is: "Whenever the intention so to * * charge such separate estate is declared in such * * mortgage." The mortgage under consideration being in the usual full form of such an instrument, and in the absence of any prescribed statutory form, is held to contain such declaration, and is binding on defendant and her separate estate. The note which the mortgage purports to secure is for $400, bearing interest at ten per cent. from 1st November, 1889, and amounted, 1st August, 1892, to $510; but this note and mortgage are collateral to plaintiff's store account, which they allege to be the defendant's, and she alleges to be her husband's, for 1888, 1889, and 1890. The balance due thereon, added to the balance due on the Phillips mortgage, is claimed by plaintiffs to be $464.40, and the master so reports. This is less than the collateral note and mortgage; therefore, the plaintiffs have a lien on the mortgaged land for the whole amount due thereon, whether the payments are applied to and extinguish the Phillips mortgage or not, the only difference being some thirty dollars in interest. The following is a statement of the account: * * *

It is, therefore, ordered and adjudged, that defendant do, on or before the 1st day of November next, pay to the plaintiffs, or their attorney, the said sum of four hundred and ten dollars and seventy-five cents, with interest from the filing of this judgment, and the costs of this action; and upon her failure to do so, that she be barred of equity of redemption in said premises set out and described in the pleadings herein, and that said premises be sold, &c. * * *

Defendant appealed on the following grounds:

1. Because there was error in deciding that the defendant required the plaintiffs to purchase the note and mortgage described in the plaintiffs' first cause of action, and in further

deciding that the plaintiffs purchased the same upon the representations or assurances of the defendant, and in holding that the defendant is now estopped—the testimony being overwhelming that the defendant knew nothing of the intention of the plaintiffs to take up said note and mortgage, until said plaintiffs had completed their negotiations for the same.

2. Because of error in deciding that plaintiffs were entitled to recover on the mortgage set out in the first cause of action the sum of one hundred and seventy-nine dollars and seventy-five cents, including interest to the 27th August, 1892.

· 3. Because of error in not deciding that the note and mortgage were extinguished, by reason of the fact that the same was a part of the consideration of the mortgage set out in the second cause of action, and was merged therein.

4. Because of error in not deciding that said note and mortgage had been extinguished by actual payment—the testimony showing that plaintiffs were positively instructed to apply the proceeds of cotton sold to plaintiffs in payment of same.

5. Because of error in deciding that the mortgage described in plaintiffs' second cause of action is ''in the usual full form of an instrument to bind the separate estate of a married woman, without reference to whose debt it was intended to secure.'' And in deciding that the same was binding on defendant and her separate estate, she being at the time a married woman.

6. Because of error in deciding that "the plaintiffs have a lien on the mortgaged land for the whole amount due thereon, whether payments are applied to and extinguished the Phillips mortgage or not, the only difference being some thirty dollars and interest."

7. Because of error in deciding that, before the defendant could be made liable on the mortgage described in the second cause of action, it was not necessary for said mortgage to contain some declaration of the intention of the defendant to bind her separate estate, as contemplated by the act of 1887.

8. Because of error in deciding that plaintiffs were entitled to their account, the same being open and current.

9. Because of error in the statement of the account of the

defendant to the plaintiffs, the testimony showing that the items of the same were orginally charged to John M. Stevens.

10. Because of error in decreeing that the defendant pay to the plaintiffs the sum of four hundred and ten dollars and seventy-five cents.

*Mr. Earnest Gary,* for appellant.

*Mr. A. S. Tompkins,* contra.

March 24, 1893. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. This is an action for the foreclosure of two mortgages on the same tract of land. The first was a mortgage executed on the 12th of January, 1887, by the defendant to one J. P. Phillips, and by him assigned to one John C. Hipp, on the 7th of December, 1888, and by the said Hipp transferred to the plaintiffs on the 18th of February, 1889. The second was a mortgage executed by the defendant to the plaintiffs on the 20th of May, 1889. The defence set up by the defendant's answer was of a two-fold character: 1st. That the Phillips mortgage had been paid and extinguished. 2d. That the defendant, being a married woman at the time both mortgages were executed, cannot be made liable thereon, as they were given to secure debts of her husband, and were not made with reference to her separate estate. The testimony was taken by a referee, who did not determine any of the issues of law or fact, except so far as to ascertain the amount appearing to be due to the plaintiffs. The case seems to have been heard by his honor, Judge Norton, upon the testimony taken by the referee, which is set out in the "Case," who rendered judgment that the defendant do pay to the plaintiffs the amount which he ascertained to be due, differing somewhat from the amount as stated by the referee, on or before a day stated, and in default thereof, for foreclosure and sale of the mortgaged premises. From this judgment defendant appeals upon the several grounds set out in the record, which, together with the decree of the Circuit Judge, should be incorporated in the report of this case.

The Circuit decree is short, and contains no separate and

distinct findings of fact, and we are, therefore, at a loss to understand what facts were found by the Circuit Judge, and from what source he derived the figures contained in his statement, embraced in the decree, upon which he bases his conclusions as to the amount due. In speaking of the Phillips mortgage, he says that the real consideration of that debt was "for a horse sold by Phillips to defendant's husband, and for goods sold, and to be sold, by him to her and her husband jointly—a partnership;" but he adds: "at the date of said mortgage she had not the power to bind her separate estate for either debt, but she afterwards requested plaintiffs to purchase this note and mortgage, which seemed to bind her separate estate; and they did so, believing, so far as the testimony shows, that it did bind her separate estate, and she is now estopped from denying that it does. *Wallace* v. *Carter*, 32 S. C., 314. Plaintiffs are entitled to recover thereon the sum of one hundred and seventy-nine dollars and seventy-five cents, including interest to this date (27th of August, 1892.)" In a subsequent portion of his decree, however, after ascertaining the balance due on the accounts for which the second mortgage was taken as collateral, together with the above mentioned balance on the Phillips mortgage, to be less than the amount due on the note secured by the second mortgage, the Circuit Judge adds: "Therefore, the plaintiffs have a lien on the mortgaged land for the whole amount due thereon, whether the payments are applied to and extinguished the Phillips mortgage or not; the only difference being some thirty dollars in interest." So that we are left in doubt as to whether the Circuit Judge regarded the Phillips mortgage as satisfied or not.

But there is no doubt that the Circuit Judge overlooked the real ground upon which the defendant rested her first defence, to wit: that the Phillips mortgage was extinguished by being merged into the second mortgage. That it was so merged, is clear from the testimony, for the amount paid for it was not only charged in plaintiffs' account against John M. Stevens, the husband of the defendant, as set out in the "Case," but said Stevens distinctly testified, that when the second mortgage was executed, "W. R. Reid agreed to give

up the Phillips mortgage, but said that he did not have it, it was in a safe at Geo. T. Reid's;'' and this statement was not denied by the said W. R. Reid upon either of the occasions when he was on the stand as a witness for the plaintiffs. It seems to us, therefore, that it is clear that the Phillips mortgage was extinguished, and that the only question is whether the defendant can be made liable on the second mortgage.

That mortgage having been executed on the 20th of May, 1889, subsequent to the passage of the act of 1887 (19 Stat., 819), must be construed under the provisions of that act, which provides that "all * * * mortgages, affecting her separate estate, executed by a married woman, shall be effectual to * * * charge her separate estate, whenever the intention so to . * * * charge such separate estate is declared in such * * * mortgages." Now, whether the proper construction of that act is, that a mortgage executed by a married woman shall not be effectual to charge the separate estate of such married woman, unless it contains a declaration of her intention to charge such estate, thus fixing an absolute rule by which a then much vexed question should be determined, or whether the intention of the act was still to leave open the question whether the contract secured by the mortgage was of such a character as a married woman was capable of making, where the mortgage contained no such declaration of intention, is a question upon which much might be said on both sides. But, under the view which we take of this case, we do not deem it necessary to determine that question. For assuming, as we do, that the mortgage in question contained no declaration of intention on the part of the defendant to charge her separate estate, we are of opinion that the plaintiffs failed to show that the contract it was designed to secure, except as to the Phillips mortgage, was a contract "as to her separate property;" and, on the contrary, that the testimony shows that it was a contract of her husband's.

It is true, that the Circuit Judge does hold that the mortgage does contain a sufficient declaration of intention to bring it under the terms of the act of 1887, his language being:

3 "The mortgage under consideration being in the usual full form of such an instrument, and, in the absence of any prescribed statutory form, is held to contain such declaration." But, as it seems to us, this ruling manifestly ignores, or, at least, renders entirely nugatory, the plain provisions of the act of 1887. Under the ruling of his honor, *any* mortgage executed by a married woman would be valid and binding; and, if that was the intention of the legislature, it would have been much easier and simpler to have said so. On the contrary, what they have said is, that such a mortgage shall be valid and effectual to charge the separate estate, *"whenever the intention so to * * * charge such separate estate is declared in such * * * mortgages."* It is very clear that the ruling below allows no force and effect to the words which we have italicized in the preceding quotation from this statute, in violation of one of the fundamental rules of statutory construction.

Inasmuch, therefore, as the mortgage in question (a copy of which is set out in the "Case") contains no such declaration of intention as is contemplated by the act of 1887, it only remains to inquire whether the plaintiffs have shown that the contract secured by the second mortgage was a contract as to the separate estate of the defendant. That contract is evidenced by a note, signed by the defendant on the 20th of May, 1889, whereby she promised to pay to the plaintiffs, on the 1st of November, 1889, $400, with interest from date at the rate of ten per cent. per annum; but, as the Circuit Judge says: "This note and mortgage are collateral to plaintiffs' store account, which they allege to be the defendant's, and she alleges to be her husband's, for 1888, 1889, and 1890." These accounts, together with the balance due on the Phillips mortgage, constituted the consideration of the debt secured by the second mortgage; and the question, therefore, is whether the plaintiffs have shown that the same, or any part thereof, were such as the defendant was capable of contracting, or whether they were debts of her husband, the payment of which she undertook to assume.

First, as to the Phillips debt, the Circuit Judge found, as

appears by the quotation from his decree hereinabove set forth, that the defendant was not originally legally liable for this debt, but he held that the defendant, by requesting the plaintiffs to take up the Phillips mortgage, had made herself liable for the amount advanced by plaintiffs to pay the balance due on that mortgage. This conclusion is based upon the case of *Wallace* v. *Carter,* 32 S. C., 314, which, however, is not exactly in point; for there the fact was distinctly found, that the lender of the money had no knowledge of the consideration of the previous mortgage, while here there is no such distinct finding of fact; all that is said on the subject by the Circuit Judge is, that the plaintiffs took up the Phillips mortgage at the request of the defendant, "believing, so far as the testimony shows, that it did bind her separate estate, and she is now estopped from denying that it does." If this be regarded as a finding of fact, that the plaintiffs did not know that the debt secured by the Phillips mortgage was really a debt of the husband's, and not of the wife's, as it was probably intended, then the case cited fully sustains the conclusion.

But, we think, it may be sustained without such a finding of fact; inasmuch as this court has held in the case of *Howard* v. *Kitchens,* 31 S. C., 490, and in several other cases following that decision, that a married woman is liable on a contract to repay money borrowed by her; and that the use which she makes of it, after the money has been borrowed, cannot affect the question; it would follow, that a married woman who borrows money for the purpose of satisfying a mortgage, which purports to be a lien upon her separate estate, even though it may not, in fact, be sufficient to constitute such lien, would be liable upon a contract to repay the money so borrowed, even where the lender knew the use to which the borrowed money was to be appropriated; for, while the married woman may not be legally liable upon the mortgage, yet, if she sees fit to recognize and pay the debt which the mortgage purports to secure, we see no reason why she may not be permitted to do so. Now, if the plaintiffs, at the request of the defendant, advanced the money to pay the balance due on the Phillips mortgage, it was practically the same thing as if she had borrowed

the money from the plaintiffs, and paid such balance herself. While, therefore, there was much conflict in the testimony as to whether the defendant or her husband requested the plaintiffs to take up the Phillips mortgage, and, we must say, much to sustain a conclusion contrary to that reached by the Circuit Judge, yet, under the well settled rule, we have felt bound to adopt his conclusion. It seems to us, therefore, that there was no error in holding the defendant liable for so much of the real consideration of the second mortgage as was represented by the amount, with interest, ad-.vanced by plaintiffs to take up the Phillips mortgage.

Next as to the store accounts for 1888, 1889, and 1890, which constitute the remainder of the indebtedness which the second mortgage was designed to secure. We are not here embarrassed by any finding of fact by the Circuit Judge, as he rested his conclusion upon the ground which, as we have seen, was erroneous, that the terms of that mortgage were sufficient to bring it within the terms of the act of 1887, and, therefore, no inquiry into the nature of such indebtedness was, under his view, necessary. But, according to the view which we take, it was necessary for the plaintiffs to show that such indebtedness grew out of a contract with reference to the separate estate of the defendant; and this, we think, they have failed to do. The overwhelming weight of the evidence shows that these were accounts contracted by the husband and not by the wife; and if, as they appear to be from the accounts set out in the "Case," mainly, if not entirely, for family supplies, the husband would be liable and not the wife, even though she may have bought some of the articles. But, as a matter of fact, every one of these accounts, with a single exception of a small one, amounting to $10.70, were charged on the books of plaintiffs either against John M. Stevens, or John M. Stevens, agent—for whom is not stated in the accounts—and the only charge against the defendant, amounting to the sum above stated, embraces items which were manifestly family supplies. Both defendant and her husband testify positively that these accounts were contracted by the husband individually, and not as agent of his wife, and, as we have said, most, if not all,

of the items charged in these accounts appear to be for family supplies, for which he alone would be liable.    The only contradiction of this testimony comes from William Reid, one of the plaintiffs, and his testimony is so manifestly in conflict with the charges in his own books, and with the terms of the several liens, mortgages, and other papers offered in evidence, as to deprive it of any weight that might otherwise be accorded to it.

It is said, in the argument of counsel for respondents, that the accounts set out in the "Case" are "merely samples from a large number in the books, and not near all of same."    But it must be remembered that the burden of proof was upon the plaintiffs to show that the contract which they seek to enforce against this married woman was one which she had the power to make; and if we are to judge of the accounts from the samples furnished, which is the only means afforded us of forming a judgment, it is very clear that the accounts show exactly the reverse of what the plaintiffs were bound to show before they could make the defendant liable.    We are of opinion, therefore, that there was error in holding the defendant liable for these accounts.

The judgment of this court is, that the judgment of the Circuit Court be modified in accordance with the views herein announced, and that the case be remanded to that court, with instructions to render judgment against the defendant only for the amount advanced by the plaintiffs to take up the Phillips mortgage, with interest on that amount at the rate of seven per cent. per annum from the date of such advance, as it does not appear that, at that time, the defendant agreed, in writing, to pay any greater rate of interest.