20857

TURNER COLEMAN, INC., Respondent, v. OHIO CONSTRUCTION & ENGINEERING, INC., and John Bagwell Inc., d/b/a O & B Mining Company, Defendants of which Ohio Construction & Engineering, Inc., is Appellant.

(251 S. E. (2d) 738)

*Richard H. Rhodes,* of *Burts, Turner, Hammett, Harrison & Rhodes,* Spartanburg, *for appellant.*

*Thomas B. Jackson, III,* and *Eugene L. Brantley,* Columbia, *for respondent.*

January 23, 1979.

LEWIS, Chief Justice:

This action was brought to recover the balance due on a promissory note jointly executed to plaintiff by defendants Ohio Construction & Engineering, Inc., (Ohio) and John Bagwell, Inc., (Bagwell). The principal amount of the note was based on a statement prepared by plaintiff showing the outstanding balance due on an open account owed by defendants to plaintiff. Bagwell defaulted and judgment was entered against it. Ohio filed an answer admitting that it signed the note but denying the other material allegations of the complaint. Thereafter, plaintiff moved for summary judgment against Ohio on the ground that the pleadings raised no material issue of fact. This motion was granted and Ohio has appealed. We affirm.

The lower court correctly held that there was no material issue of fact. The sole contention of Ohio (appellant) is that the amount of the open account, upon which the principal amount of the note was based, was mistaken, thereby making the amount of the note in error.

The conclusive answer to appellant's contention is that the issue of mistake in the principal amount of the note was not before the court. Mistake is an affirmative defense and must be specifically pled. The controlling principle is stated in 54 Am. Jur. (2d), Mistake, Accident, or Surprise, Section 25:

Mistake is an affirmative defense which a defendant must generally plead if he wishes to avail himself thereof. When mistake or accident is relied on as an element of a cause of action or of a defense that is of an affirmative nature, the facts constituting the mistake or accident must be alleged

with precision and clearness, a mere allegation that a mistake or accident was made being regarded as a conclusion of law.

■ Since the issue of mistake was not plead, it was not properly before the court and was not an issue which would preclude summary judgment. Summary judgment was, therefore, properly granted.

The remaining question concerns the amount of interest allowable on the judgment entered in this case. The lower court held that the annual interest rate on the judgment would be 12%, the same rate of interest agreed upon in the promissory note.

Appellant relies upon the provisions of Section 34-31-20 of the 1976 Code of Laws which state:

"In all money decrees and judgments of courts enrolled or entered, in all cases of accounts stated and in all cases wherein any sum or sums of money shall be ascertained and, being due, shall draw interest according to law, the legal interest shall be at the rate of six [6%] per cent per annum.

It is argued that the foregoing statute clearly and plainly states that the legal interest rate on "all money decrees and judgments of courts . . . shall be at the rate of six [6%] per cent per annum;" and that, since the note in this case was reduced to a money judgment, the statutory interest rate of six [6%] per cent applies. Respondent (plaintiff) contends, on the other hand, that the statutory interest rate does not apply where the parties have contracted or agreed upon a different rate.

The note in this case obligated the makers to pay the principal amount ninety (90) days after date:

To be discounted at the rate of *12* per cent per annum, and if not paid at maturity, to bear interest thereafter at the rate of *12* per cent per annum, with all costs of collection and 10 per cent attorney's fees, etc.

We think the trial judge correctly held that the interest agreed upon in the note was applicable both before and after judgment. The parties expressly agreed that the indebtedness, "if not paid at maturity, to bear interest thereafter at the rate of 12 per cent per annum." Certainly, the intent of the parties, as expressed in their contract, was that the note would bear interest at the rate of 12 per cent until paid.

It is argued, however, that the provisions of Section 34-31-20 override the agreement of the parties and operate to reduce the interest rate after judgment to six [6%] per cent. We disagree.

It is well settled that the parties are at liberty to contract, within legal limits, relative to the interest to be paid on an obligation, including the rate of interest to be charged after maturity. If the parties agree that a higher rate of interest than the legal, or statutory rate is to be paid after maturity, the agreement of the parties controls. *Bowen v. Barksdale,* 33 S. C. 142, 11 S. E. 640; *Reid v. Stevens,* 38 S. C. 519, 17 S. E. 358.

We find nothing in the language of the statute (Section 34-31-20) to indicate that it was intended to alter interest rates bargained for and agreed upon by the parties and thereby provide the incentive to users of credit to default on their obligations so as to take advantage of the lower statutory rate.

Therefore, Section 34-31-20, fixing the interest rate on money judgments or decrees, applies only in the absence of a written agreement between the parties fixing a different rate of interest. Stated differently, if a contract has, as in this case, specified a lawful rate of interest to be paid after maturity, the same rate will apply on the judgment entered on the contract.

Appellant relies upon the decision in *Moore v. Holland,* 16 S. C. 15 (1881). That decision is not dispositive of the

present case. *Moore* involved a note which provided for an interest rate of 16% per annum. A judgment was entered for the debt but no rate of interest was specified. On appeal the court held that the rate of interest was controlled by the statute (which then provided for interest on judgments at the rate of 7%) and not by the agreement of the parties. The factual statement in *Moore,* however, pointed out that the evidence did not show "that any contract that the judgment should bear sixteen per cent interest existed." The absence of an express written agreement in *Moore* to pay an interest rate in excess of that provided by statute no doubt influenced the court to apply the statutory rate. The presence in this case of an express agreement distinguishes it from *Moore.*

The judgment is affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.