## CIRCUIT COURT OF THE CITY OF NORFOLK

Norfolk Sash & Door Co.

v.

International Insulating
Systems, Inc.

October 7, 1982

Case No. (Law) L82-743

By JUDGE EDWARD L. RYAN, JR.

The dispositive question presented on this appeal from the General District Court is the allowance of interest on a judgment pursuant to Code § 6.1-330.10.

The action is bottomed on open account for building materials supplied over the period January 9, 1981, through October 7, 1981. In a credit application contract the defendant agreed to a provision for "A finance charge of 1½% per month (annual percentage rate of 18%) will be imposed upon all balances remaining thereafter."

Plaintiff seeks 18% annual interest on the *judgment* from the date of judgment until paid. The General District Court allowed 18% interest on the *debt* up to and until the judgment and 10% on the amount of the *judgment* until paid. This ruling was premised on the following:

> Section 6.1-330.10. *Judgment rate of interest.* The judgment rate of interest *shall* be ten per centum per annum, *except* that a money judgment entered in an action arising from a contract for the *loan of money* shall carry interest at the rate lawfully charged on such contract, or at ten per centum per annum, whichever is higher. (Italics added.)

The General District Court's ruling is based on the premise that the furnishing of goods on open account is not a "loan of money." (These rulings are reported to be contrary to those of other Tidewater Courts.)

Historically, interest was looked upon with abhorrence in Biblical times and forbidden by Chinese, Hindu and early English laws. But from the early days of American law, interest has been regarded as being just compensation due. 45 Am. Jur. 2d, *Interest and Usury*, § 3 (fn. 10). We are dealing with legal interest (that rate of interest prescribed by law as the highest which may be legally contracted for or exacted, *Black's Law Dictionary*, 5th Ed., p. 805) but it has been said that legal interest is that rate of interest prescribed by law which will prevail in the *absence of contract* between the parties fixing the rate. *Ibid.* § 1.

The South Carolina Court holds that if a contract specifies a lawful rate of interest to be paid after maturity, the same rate will apply on the judgment entered on the contract. *Turner Coleman, Inc.* v. *Ohio Const. & Engr., Inc.*, 251 S.E.2d 738 (S.C. 1979). This seems to be the rule in nine other states. *Ibid.* § 74 (fn. 3). Other states take the view that the obligation is merged in the judgment which bears interest at the legal rate. Same (fn. 4).

There are numerous reported cases in the Virginias holding that the contract rate of interest prevails over the statutory rate *if* the contract rate does *not* exceed the statutory rate. The following [is] from 10B M.J., *Interest*, Section 8:

> It seems to be the rule that where a specified rate of interest is contracted for upon an obligation, the obligation after maturity will continue to bear the same rate. The Courts have no more power to change the rate thus fixed than they have to dispense with the enforcement of the contract, either in whole or in part. In Virginia, a note bears interest at the rate stated therein until payment, regardless of the rate established by statute, provided, *of course*, that the rate fixed is *within the legal rate* of six percent. . . . It is error to decree interest at six percent when the notes or other contracts evidencing the

debts bear a *lesser* rate of interest. (Citing 13 cases.)

There are no Virginia cases holding that the contract rate of interest prevails on a judgment if that rate exceeds the statutory legal rate.

The question presented is of first impression in this state. The Court concludes that the General District Court should be affirmed. This is so because § 6.1-330.10 *says* that the judgment rate of interest shall be ten per centum per annum. The statute makes *one* exception to this rule *if* the judgment is based on a contract for the "loan of money," and an open account is not a contract for the loan of money.

At law there seems to be no question that the word "loan" generally connotes a lending of *money*. Support for this may be found in the multiple citation of authorities in 25A *Words and Phrases*, p. 79, et seq. In addition:

> If one man goes to another and obtains from him a sum of money to be repaid at a future day, to himself or to another, for his use, nothing more passing between the parties than a request to receive the money on the one hand, and a promise to repay it on the other, this transaction would be considered as a loan of money. 12A M.J., *Loans*, § 2, p. 340.

Also,

> Loan of money. The conception of lending money is well understood in the popular and technical usage. Generally it is the payment of money by one to another to be repaid at some future date. . . .
>
> In its popular sense a loan of money is understood to mean a transaction creating the customary relation of borrower and lender, in which the money is borrowed for a fixed time, and a borrower promises to repay the amount borrowed at a stated time in the future, with interest at a fixed rate. 54 C.J.S., *Loan*, p. 653.

*Expressio Unius Est Exclusio Alterius*

If a statute expressly excepts one class, which would otherwise be within its terms, the exception negatives the idea that any other class is to be excepted. 17 M.J., *Statutes*, § 45, p. 330.

Here, the statute clearly excepts the "loan of money" and nothing else. The inclusion of *only* one exception excludes all other possible exceptions "which would (or could) otherwise be within its terms," thus contracts other than for the loan of money are excluded.

Counsel may present an order for entry affirming the action of the General District Court and awarding interest consonant with this opinion.