21287

MILLIKEN AND COMPANY, Lockhart, Monarch, Pacolet and Judson Mills, Respondent, v. SOUTH CAROLINA DEPARTMENT OF LABOR, DIVISION OF OCCUPATIONAL SAFETY AND HEALTH, Appellant.

(269 S. E. (2d) 763)

*Theresa Hearn Potts* and *Asst. Atty. Gen. L. Kennedy Boggs,* Columbia, *for appellant.*

*John P. Mann* and *Carl B. Carruth, Thompson, Mann & Hutson,* Greenville, *for respondent.*

September 2, 1980.

NESS, Justice:

Appellant South Carolina Department of Labor, Occupational Safety and Health Division, appeals from an order invalidating certain of its rules and regulations providing for post-citation discovery. We affirm.

After conducting extensive health and safety inspections of respondent Milliken and Company's, Lockhart, Monarch, Pacolet and Judson Mills, appellant cited respondent for several alleged violations of the South Carolina Occupational Safety and Health Act, §§ 41-15-10-41-15-520, Code of Laws of South Carolina (1976). Appellant then served extensive interrogatories and sought entry into the Lockhart, Monarch and Pacolet Mills for investigative purposes. Respondent refused to answer the interrogatories or permit entry into its mills, and appellant moved before an admin-

istrative hearing officer for orders compelling respondent to comply with its requests. The hearing officer granted appellant's motions and the Commissioner of Labor affirmed. Respondent appealed the decision and the trial court reversed, holding the appellant's rules and regulations providing for post-citation discovery were invalid.

The sole issue is whether the Commissioner of Labor exceeded his rule-making power in promulgating Department of Labor Rules 71-4.10A(2) and 71-4.10Y. We hold he did.

Rule 71-4.10A(2), *supra,* provides for the application of the Circuit Court Rules to proceedings before the Commissioner of Labor or his designated hearing examiner. Rule 71-4.10Y provides for the service of interrogatories by any party upon another party to the same proceeding.

Appellant seeks to uphold these rules as a proper exercise of the Commissioner's rule-making power under Code §§ 41-15-210 and 41-15-310.

It is manifest these rules cannot be upheld as a proper exercise of the power conferred upon the Commissioner by Code § 41-15-310, *supra.* That provision authorizes the Commissioner to promulgate only such rules and regulations as may be necessary to establish a procedure for administrative review of his official acts. In our view, administrative review of the issuance of a citation is intended to be essentially appellate in nature: it should be undertaken only upon information which was available to the officer or examiner responsible for issuing the citation in the first place.

The underlying issue would appear to be whether the Department is to get effectively two bites at the apple. Under the approach taken, it would be able to conduct two full-scale investigations, using its designedly very broad investigatory powers, in the course of pursuing one basic inquiry into the activities of a business.

Fundamental fairness would seem to indicate that there should be one basic fact-finding process, and that review thereafter should be on the record made in that fact-finding process or procedure. We take it that the statutory scheme contemplates that a citation from the Department of Labor is to be more than a device to begin investigation. This is illustrated by §§ 41-15-260 through 41-15-330 which provide for the contents and significance of a citation, and for internal and judicial review. These imply that the issuance of a citation is intended to be a major agency action, only undertaken *following* thorough inquiry.

To carry out this investigation, the agency is given wide authority. It has resources to acquire what facts it needs to accomplish its goals. When it acts—by issuing a citation— the fact-finding process should end.

The State's Administrative Procedure Act, providing for judicial review of final agency actions, is consistent with the foregoing. That Act clearly contemplates a straight-line agency process beginning with fact-finding and ending with judicial review; it does *not* contemplate an agency's continuous re-initiation of investigation throughout the process. See §§ 1-23-310 through 1-23-350, 1-23-380 and 1-23-390.

Code § 41-15-210, *supra,* provides:

"The Commissioner of Labor may promulgate, modify or revoke rules and regulations . . . for the purpose of attaining the highest degree of health and safety protection for any and all employees working within the State of South Carolina . . ."

While the Commissioner's power under this section is broad, we do not believe it is unbridled. It is well settled that an administrative order which materially alters or adds to the law is void. *Lee v. Michigan Millers Mut. Ins. Co.,* 250 S· C. 462, 158 S. E. (2d) 744 (1968). The same principle applies to administrative rule-making. See *Hay v. S. C. Tax Comm'n,* 273 S. C. 269, 255 S. E.

(2d) 837 (1979); *Lee v. Michigan Millers Mut· Ins. Co., supra; Heyward v. S. C. Tax Commission,* 240 S· C. 347, 126 S. E. (2d) 15 (1962). Code §§ 41-15-260 and 41-15-270 provide for pre-citation discovery. The Commissioner's rules permitting post-citation discovery materially add to these laws; therefore, they are void.

We note that nothing appears to bar the Commissioner from promulgating rules designed to regularize proceedings leading up to the issuance of a citation· In other words, we are holding that the statutory scheme contemplates that fact-finding will have been completed before the issuance of a citation. The statute very clearly gives the Commissioner extremely broad powers to investigate prior to the issuance of the citation, and also clearly empowers him to issue rules and regulations designed to give order and coherence to the investigatory process. We are simply holding that in the course of one investigation he cannot repeatedly intrude into the affairs of the business or person being investigated.

This result is required if serious constitutional issues about the statute are to be avoided. The United States Supreme Court has noted that due process guarantees apply in the context of administrative searches. See *Camara v. Municipal Court,* 387 U. S. 523, 87 S· Ct. 1727, 18 L. Ed. (2d) 930 (1967) and *See v. Seattle,* 387 U. S. 541, 87 S. Ct. 1737, 18 L. Ed (2d) 943 (1967). See also S. C. Const·, Art. I, § 3.

The order appealed from is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.