1326

NATIONAL HEALTH CORPORATION, d/b/a National Health Care Center of Georgetown, Appellant v. SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL and Waccamaw River Health Care Center, Inc., Respondents.

(380 S. E. (2d) 841)

Court of Appeals

*David M. Rogers,* Greer, *for appellant.*

*General Counsel Walton J. McLeod, III, Sally M. Rentiers* and *Susan A. Lake,* of *South Carolina Dept. of Health & Environmental Control,* Columbia; and *Charles B. Baxley,* of *Baxley, Pratt & Wells,* Lugoff, *for respondents.*

Heard Jan. 19, 1989.

Decided April 24, 1989.

*Per Curiam:*

National Health Corporation ("NHC") brings this action seeking judicial review of a final administrative decision of the South Carolina Department of Health and Environmental Control ("DHEC"). DHEC denied NHC's application for a certificate of need ("CON") to build a long-term care nursing facility and granted a CON to Waccamaw Health Care Center, Inc.

NHC appealed DHEC's decision to the circuit court. In this appeal NHC made the following arguments: (1) DHEC denied NHC's CON application because of an insufficiency of Medicaid funds to support the number of Medicaid beds NHC proposed in its application, and a denial on this basis alone, violates federal Medicaid statutes; (2) DHEC's finding that NHC's proposed project was not financially feasible is not supported by the record; (3) the DHEC hearing officer and Board applied the wrong standard of review at the administrative hearing; (4) the trial court should consider the effect of the new Medicaid Nursing Home Permits law in its decision; and (5) DHEC's denial of NHC's CON application was inappropriate under the circumstances existing at the time of the administrative hearing. The circuit court addressed each of NHC's arguments and issued an order affirming DHEC's decision.

NHC's appeal to this court raises the identical issues as raised in the trial court. After thoroughly and carefully reviewing the record and the applicable law we find that the circuit court's order correctly sets forth and properly disposes of all the issues which are before the court. We therefore adopt the order of the circuit court (with minor changes) which we quote as follows:

This matter came before the Court pursuant to a Rule to Show Cause and Complaint for Judicial Review of Final Administrative Decision of the South Carolina Board of Health and Environmental Control which governs the Department of Health and Environmental Control. The Plaintiff, National Health Corporation (hereinafter, NHC) was represented by David M. Rogers, Esquire. The Defendant South Carolina Department of Health and Environmental Control (hereinafter, SC DHEC) was represented by Susan

A. Lake, Staff Counsel. Defendant Waccamaw River was represented by Charles Baxley, Esquire. This matter is an appellate review of the administrative decision of SC DHEC denying the application of NHC for a Certificate of Need and granting a Certificate of Need for the construction of a forty-four (44) bed nursing care facility to Waccamaw.

NHC and Waccamaw were competing applicants for a Certificate of Need (hereinafter, CON) to construct a nursing home facility in the Georgetown County area. Pursuant to the 1985 State Health Plan, only one of these projects, either Waccamaw's or NHC's could be approved. Waccamaw applied for a CON for forty-four (44) dually licensed private-pay beds which would not participate in the Medicaid program, and NHC applied for a CON for eighty-eight (88) long term care beds which would be partially funded through participation in the Medicaid program. On July 16, 1986, after comparatively reviewing the applications of both competitors, Waccamaw and NHC, on July 16, 1986, SC DHEC notified the parties of its decision to grant a CON to Waccamaw and to deny NHC's application. NHC appealed the Department's decision to deny its application and to grant a Certificate of Need to Waccamaw. Waccamaw thereafter moved to intervene in the appeal in order to protect its interests, and that motion was properly granted.

On August 12 and August 22, 1986, an administrative adjudicatory hearing was held before an independent Hearing Officer. In his Report and Recommendations, the Hearing Officer determined that the decision of the SC DHEC staff should be upheld. Pursuant to NHC's request, the Board of Health and Environmental Control (hereinafter, Board) reviewed the Hearing Officer's Report and Recommendations. On July 29, 1987, the Board issued its Order adopting the Hearing Officer's Report and Recommendation upholding the SC DHEC staff decision. NHC now seeks judicial review of the SC DHEC decision.

On September 10, 1987, this Court heard arguments in this matter and determined that more than substantial evidence exists in the record to uphold the SC DHEC decision. The SC DHEC decision is neither arbitrary, capricious, nor contrary to applicable laws. Rather, the SC DHEC decision is reasonable and in full compliance with regulatory and statutory requirements.

It is well established that the "substantial evidence" rule set forth in the Administrative Procedures Act provides for judicial intervention "only in those cases where a manifest or gross error of law has been committed by the administrative agency." *Lark v. Bi-Lo, Inc.,* 276 S. C. 130, 276 S. E. (2d) 304, 307 (1981). The Court must not substitute its judgment for that of the agency, and a judgment upon which reasonable men might differ will not be set aside. *Lark v. Bi-Lo, Inc.,* 276 S. C. 130, 276 S. E. (2d) 304, 307 (1981); *Bilton v. Best Western Royal Motor Lodge,* 282 S. C. 634, 321 S. E. (2d) 63 (App., 1984). In this case, the judgment of the agency was reasonable and proper. The record contains more than sufficient evidence to support the conclusions of the Board.

NHC complains that the Board's decision was in error because the Board applied the "arbitrary and capricious" standard of review, rather than a "de novo" standard of review. While the Plaintiff couches its argument in terms of whether NHC was entitled to a "de novo" review, the real issue raised in argument addresses the appropriate burden of proof. Plaintiff acknowledges that he was generally given the benefits associated with "de novo" review, such as the full opportunity to present evidence and cross-examine witnesses.[1] The Plaintiff argues, however, on the basis of some general, introductory language in the Order under review, that the Board did not base its decision on the "merits." The Report of the Hearing Officer, which was adopted as the Board's Order, states at page 2 "that the issues presented in this administrative appellate review are whether this Department's decision to deny NHC's applica-

---

[1] Black's Law Dictionary defines "trial de novo" as "a new trial or retrial had in which the whole case is tried as if no trial whatsoever had been had in the first instance." Black's Law Dictionary, (Fifth Ed., 1979). The proceeding before the Board had the "trappings" generally associated with a "trial de novo," i.e., the right to be heard, to present documents, to cross examine witnesses and have a decision of the merits. This is in accord with the requirements of the APA. However, it is recognized that the Board proceeding is still essentially an administrative "review" of a preliminary agency decision. Section 44-7-375 of S. C. Code Ann., (1976, as amended) (repealed eff. June 21, 1988) provides:

Upon a written request of any affected person within thirty days of the department's decision to approve, disapprove, or withdraw a Certificate

tion and grant Waccamaw a Certificate of Need was arbitrary, capricious, or contrary to appellate law, and whether the applicable state law is unconstitutional or in conflict with Federal law." Plaintiff contends that this statement of the issue indicates that the Board was applying the "substantial evidence" standard of review or burden of proof. However, the Hearing Officer's Report goes on to state:

> "the evidence presented at the hearing before the hearing officer amply showed that the application of Waccamaw was superior to that of NHC both in terms of documentation and in terms of the finances and efficiency of the proposed facility."

(Hearing Officer's Report and Recommendations, p. 10.)

It is clear from the Board's Order read as a whole that the Board fully exercised its authority to weigh the evidence, and make a decision on the merits based upon the preponderance of evidence. This is in accord with the review process provided for in DHEC Regulation 61-15 Section 402, S. C. Code Ann., Vol. 24A (1976, as amended). The agency regulation requires that the decision on review be made by the Board on the basis of the evidence presented in the hearing before it or its designee. Since the State Administrative Procedures Act is silent on the standard of review or burden of proof at the agency level contested case hearing, the Department regulations are controlling. I find that there has been compliance with DHEC R. 61-15 and that the proper standard of review was applied. Plaintiff's argument has no merit whatsoever.

---

of Need, the decision must be administratively reviewed by the Board of Health and Environmental Control under the State Administrative Procedures Act.

With this in mind, it is understood that the Board proceeding, while encompassing many elements of a "trial de novo," is in some aspects "essentially appellate." *See, Milliken and Co. v. S. C. Dept. of Labor,* 275 S. C. 264, 269 S. E. (2d) 763, 764 (1980). The question then is not whether the proceeding is "de novo" or "appellate." In order to accord with the APA and the Supreme Court ruling in *Milliken,* the hearing must be handled as a quasi-de novo, quasi-appellant proceeding. The real issue which the Court must address in the present case revolves around the proper standard of review, or burden of proof.

NHC complains that SC DHEC did not consider all of ■ ■ the grounds or reasons for which NHC challenged the SC DHEC decision. This argument is without merit. The Hearing Officer in his Report and Recommendations, which the Board adopted, clearly considered all of the issues raised by NHC. Review of the Hearing Officer's Report and Recommendations and the Transcript of Record in this case leaves no doubt that all of the issues raised by NHC were thoroughly addressed throughout the administrative process.

The SC DHEC decision was based on the state law and regulations applicable to the SC DHEC Certificate of Need program. One of the legal requirements to obtain a CON is SC DHEC R. 61-15, Section 503 which provides:

> In the case of any proposed new institutional health service for the provision of health services to inpatients, the Department shall not grant a Certificate of Need under its Certificate of Need program, or otherwise make a finding that such proposed new institutional health service is needed, unless:
>
> \* \* \* \* \* \*
>
> (b) the Department makes each of the following findings in writing:
>
> \* \* \* \* \* \*
>
> (4) That in the case of a proposal for the addition of beds for the provision of skilled nursing or intermediate care services, the addition will be consistent with the plans of other agencies of the State responsible for provision and financing of long-term care (including home health) services.

The SHHSFC is the agency responsible for the funding of the Medicaid beds in South Carolina. The record in this case is replete with evidence that NHC's CON application was not consistent with the funding plans of SHHSFC. (Transcript of Adjudicatory Hearing, p. 51, line 15—p. 52, line 17; p. 66, lines 1-7; p. 171, lines 9-20; p. 178, lines 24—p. 179, line 9; p. 183, line 25—p. 184, line 4.) In its application, NHC

proposed to fill its facility with 65% Medicaid patients. The balance of beds would serve private pay patients. NHC submitted budgets based on this patient mix. Yet, evidence and testimony was presented at the hearing that the budget plan of SHHSFC was not consistent with the NHC proposal which would require the funding of new Medicaid beds.

Additionally, SC DHEC regulations require that an applicant for a Certificate of Need document the financial feasibility of a proposed project. SC DHEC R. 61-15, Section 202, B(14) states:

> Demonstration by the applicant that the proposed project is economically feasible, both immediately and long-term, and can be accommodated in the patient charge structure without unreasonable increases. If the project is not economically feasible, justify the request for the project.

SC DHEC cannot approve a project which is not financially feasible. The record supports a finding that NHC's proposed project does not meet this requirement while the Waccamaw project has more than adequately demonstrated financial feasibility. The Waccamaw project was designed for only private pay beds where the source of funding would not be Medicaid. The evidence indicates that Waccamaw would obtain sufficient funding from non-Medicaid sources so as to make the project financially feasible. The NHC project, on the other hand, was designed to include 65% of its beds as Medicaid beds. The record contains clear evidence that Medicaid funds would not be available for the NHC beds. The Board also found that inconsistencies in four budgets submitted by NHC and the discrepancies between those budgets and the cost reports submitted by NHC to the State Health and Human Services Finance Commission raised serious questions regarding the financial feasibility of the NHC project.

The Board's findings with regard to inconsistency with the funding plans of SHHSFC and failure to demonstrate financial feasibility are supported by the record. Where there is substantial evidence in the record to support the agency's findings, the Court will not substitute its judgment for that of the agency. *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981).

However, NHC argues that DHEC erred in considering Medicaid budgetary constraints in the denial of its application. NHC has cited a number of federal codes and regulatory provisions which it charges DHEC has violated. The provisions it has cited governing the Medicaid program are applicable to the State Medicaid agency, which is SHHSFC, and do not address the Certificate of Need program. 42 U.S.C. § 1396a(a)(8) (1982 & Supp. 1986), 42 U.S.C. § 1396a(a)(1) (1982 & Supp. 1986), and 42 C.F.R. § 205.5(a), 431.50, 447.250(b)(c), and 447.255 (1987) set forth requirements for the State Plan for medical assistance developed by the State Medicaid agency—HHSFC. Likewise, 42 C.F.R. § 440.230 (1987), 42 U.S.C. § 1396a(a)(2)(23) (1982 & Supp. 1986) and 42 C.F.R. § 447.204 (1987) govern acts of the State Medicaid agency. The denial of a Certificate of Need to NHC is not in violation of the provisions cited.[2]

The cases cited by NHC generally relate to Medicaid reimbursement and do not discuss or suggest any requirement regarding the approval of Medicaid beds under the Certificate of Need program. *Alabama Nursing Home Assn. v. Harris*, 617 F. (2d) 388 (5th Cir. 1980), and *Thomas v. Johnston*, 557 F. Supp. 879 (W.D. Tex. 1983), speak only to reimbursement under the Medicaid program. The U. S. Supreme Court in *Alexander v. Choate*, 469 U. S. 287, 105 S. Ct. 712, 83 L. Ed. (2d) 661 (1985), addresses issues of amount and scope of services and nondiscriminatory availability of services. In that case, the Supreme Court upheld a 14 day limit on Medicaid reimbursement for inpatient hospital services put into effect by the State of Tennessee solely because of a budgetary shortfall. Plaintiff's reliance on *Kentucky Association of Health Care Facilities v. Dept. for Human Resources*, [1981-1 Transfer Binder] Medicare and Medicaid Guide (CCH) Par. 30,995 at 10,108 (E.D. Kentucky 1981) is also misplaced. This case relates to a Medicaid Plan developed pursuant to the federal Medicaid program. The State Plan introduced at the hearing in this case is the State Medicaid Facilities Plan developed pursuant to the State Certificate of Need Program. Additionally, NHC has sub-

---

[2] 42 C.F.R. §§ 123.412(a)(5)(i) and (6), and 123.413 (1987) have been effectively repealed.

mitted a letter ruling from the Healthcare Financing Administration, (Plaintiff's Exhibit B). Without ruling on the authority of that document, the court notes that the Board action in this case is not contrary to the position set forth in the letter. In this case, the denial of the NHC application was not based solely on Medicaid funding, the Certificate of Need requirements are totally separate from the State Medicaid Plan, and there is no provision for limiting Medicaid coverage to a certain number or percentage of beds. The Board correctly found that none of the federal statutory and regulatory provisions advanced by Plaintiff were violated by the denial of the NHC application.

The South Carolina Certificate of Need Program, administered by SCHEC, as adopted by the General Assembly of the State of South Carolina, is a valid, legislatively mandated control on the construction and provision of health care facilities and services. The requirements of South Carolina Certificate of Need Program regarding funding are similar to Certificate of Need requirements of other states. See 19 *Indiana Law Review* No. 4, p. 1025 (1987), citing:

Me. Rev. State. Ann. tit. 22 § 307(6-A) (comparative review of new nursing home bed addition projects based on availability of legislative appropriations); Mich. Comp. Laws Ann. § 333.2213(2)(f) (Supp. 1985) (certificate of Need criterion, for nursing home bed addition, of consideration of Medicaid agency plans); Mont. Code Ann. § 50-5-430(2) (1985) (authority to condition nursing home bed additions on availability of Medicaid funding); 1985 N.H. Laws Ch. 378, § 378.6 (to be codified at N.H. Rev. Stat. Ann. § 151-C:5 (II)(b) ) (coverage of all health facility transfers of ownership except those subject to federal restrictions on asset revaluation for Medicare/Medicaid reimbursement purposes); Pa. Cons. Stat. Ann. § 4448.707(c)(7) (Purdon Supp. 1985) (nursing home bed addition criterion of consistency with Medicaid agency plans); Vt. Stat. Ann. tit. 18 § 2406(a((4) (Supp. 1985) (certificate of need criterion for nursing home bed addition of consideration of Medicaid agency plans); Wis. Stat. Ann. § 150.39 (West Supp. 1985) (nursing home project criteria of sufficient Medicaid funds appropriated to reimburse for care to be provided, and

statutory ceiling on approvable nursing home beds to enable the state to accurately establish Medicaid budget); 1985 Wisc. Legis. Serv. Act. 29 § 1975 (West) (to be codified at Wis. Stat. Ann. § 150.31.)

The Board, in rejecting NHC's argument that consideration of State budgetary considerations is in violation of federal law, cited the case of *Wilmac Corporation v. Heckler*, 633 F. Supp. 1000 (E.D. Pa. 1986), rev'd on other grounds, 811 F. (2d) 809 (3rd Cir. 1987). NHC argues that reliance on this case was improper inasmuch as the case has been reversed upon appeal. This case was vacated on procedural grounds and not because of any substantive error. Moreover, it is noted that the Board's discussion of this case was dicta. *Wilmac* was not relied upon as part of the Board's holding. While this case may have no binding precedential status, I find, as did the Board, that the analysis in the case is correct. The Board's reliance on this case in no way affects the appropriateness of the Board's outcome.

NHC also complains that SC DHEC erred in considering a moratorium on Medicaid funding which existed in South Carolina when SC DHEC considered these applications. In his Report and Recommendations, adopted by the Board, the Hearing Officer properly noted:

NHC's reliance on this position is misplaced, since the basis for the Department's decision was Section 503(b)(4) of Regulation 61-15, quoted above rather than on the "Medicaid proviso," which makes reference to the Health Care Planning Oversight Committee.

\* \* \* \* \* \*

NHC's arguments that the Medicaid proviso is void as a violation of federal law and is also in violation of the Constitutional doctrine of separation of powers should not be addressed in this administrative review, since these questions are now moot in that the proviso has been withdrawn. The only reason for the arguments to be addressed herein would be if the department's decision was based on the Medicaid proviso alone, and if this was the only criteria used in determining that

NHC's application would have been denied. However, the Department's decision was not based upon budgetary considerations alone (Tr. p. 202, 1.23), and in the comparative analysis of NHC's application and Waccamaw's application, the Department determined that the application submitted by Waccamaw was superior.

NHC additionally argues that the recently enacted "Medicaid Nursing Home Permit" legislation (to be codified at S. C. Code Ann., Section 44-7-80 et seq., (1976, as amended) ) will give NHC an opportunity to participate in the Medicaid Program and so NHC should receive a CON. SC DHEC points out that funding for additional Medicaid beds is speculative. The new law provides that preference in the allocation of Medicaid patient days must be given to facilities already participating in the Medicaid program and that patient days allocated to a nursing home cannot be decreased in subsequent years. *See*, Section 44-7-84(B). Moreover, if funding for additional Medicaid beds is appropriate, nursing homes other than NHC would be in a position to use those funds to make beds available to Medicaid patients. Indeed, Waccamaw has stated a desire to participate in the Medicaid program if funding becomes available. Waccamaw has agreed not to participate in the Medicaid program, and has budgeted accordingly, to maintain compliance with CON requirements. The existence of additional Medicaid funding, if it does become available, does not entitle NHC to approval of such CON application. As determined by the agency, NHC had the weaker CON proposal.

NHC's argument that its proposed project was superior to Waccamaw's simply because NHC proposed to serve Medicaid patients is not supported by the record. The record contains abundant evidence that the Waccamaw project was superior to that of NHC. (Tr. of Adjudicatory Hearing, p. 185, lines 17-24). The Board found that the NHC application was an extremely poor one. (Tr. of Adjudicatory Hearing, p. 204, line 22—p. 205, line 9). There is also ample evidence in the record to support SC DHEC's finding that NHC's budget costs were understated.

The decision of the Board of the South Carolina Department of Health and Environmental Control granting the

CON application of Waccamaw and denying the CON application of NHC to construct a nursing facility in Georgetown County was proper, reasonable, consistent with applicable laws and regulations, and supported by more than substantial evidence in the record. None of the grounds set forth in the Administrative Procedures Act at S. C. Code Ann., Section 1-23-380(g)(1) through (6) (1976, as amended) for reversal or modification of an agency decision exist in this case. The Board's determination is supported by substantial evidence in the record and will not be disturbed. NHC has failed to show that the administrative decision under review is in violation of constitutional or statutory law, in excess of agency authority, made upon unlawful procedure, affected by error of law, contrary to substantial evidence in the record or otherwise erroneous, arbitrary or capricious. The decision is hereby affirmed.

IT IS ORDERED that SC DHEC issue the Certificate of Need to Waccamaw River Healthcare Center, Inc., for the construction of its forty-four (44) bed nursing care facility.

And it is so ordered.

Affirmed.

