23530

Robert L. BLIZZARD, Appellant v. Donald E. MILLER, Respondent.

(412 S.E. (2d) 406)

Supreme Court

*John E. Parker* of *Peters, Murdaugh, Parker, Eltzroth & Detrick, P.A.,* Hampton, *for appellant.*

*Stephen F. DeAntonio* and *Stephen P. Groves,* both of *Young, Clement, Rivers & Tisdale,* Charleston, *for respondent.*

Heard Nov. 21, 1991.

Decided Dec. 16, 1991.

CHANDLER, Justice:

Robert Blizzard (Blizzard) appeals a Circuit Court Order granting Respondent Donald Miller (Miller) a change of venue to Lexington County.

We affirm.

## FACTS

Following a collision between his motorcycle and a vehicle driven by Miller, Blizzard filed a property damage claim in Hampton County for arbitration. *See* S.C. Code Ann. § 38-77-710 *et seq.*

The arbitration panel awarded Blizzard $2,201.

Pursuant to § 38-77-770 of the arbitration statute, Miller appealed for a *de novo* trial in Circuit Court, alleging that Lexington, his county of residence, was the proper county of venue. Subsequently, he filed a formal motion for change of venue under § 15-7-10 *et seq.*

From the Circuit Court's Order granting the motion, Blizzard appeals. He contends § 38-77-710 *et seq.* mandates that *de novo* trials arising from appeals on arbitration awards be held in the county in which the arbitration was conducted.

## ISSUE

The sole issue is whether Miller was entitled to change of venue to Lexington County.

## DISCUSSION

Blizzard's contention that the arbitration statute mandates venue in Hampton County for Miller's *de novo* Circuit Court trial is without merit.

This Court has repeatedly held that the right of a defendant to be tried in the county of his residence is a substantial right. Our most recent re-emphasis of this holding was expressed in *Chestnut v. Reid.*[1]

> [T]he right of a defendant to have a cause tried against him in the county of which he resides is a substantial right. Accordingly, this Court has held that when the motion to change venue is based on the ground that a particular county is the residence of the defendant, then a question of law is presented, rather than a matter of discretion.

As pointed out in *Chestnut,* "when a motion to change venue is brought pursuant to § 15-7-30 and the facts concerning the defendant's residence are uncontradicted, the trial court *must* change the venue to the county where the defendant resides." 299 S.C. at 307, 384 S.E. (2d) at 714. (Emphasis supplied.)

Nothing in § 38-77-770 diminishes this right. A trial *de novo* is one in which "the whole case is tried as if no trial whatsoever had been had in the first instance." *National Health Corporation v. S.C. Dept. of Health,* 298 S.C. 373, 378 n. 1, 380 S.E. (2d) 841, 844 n. 1 (Ct. App. 1989) [citing *Black's Law Dic-*

---

[1] 299 S.C. 305, 306, 384 S.E. (2d) 713, 714 (1989).

*ionary* (5th Ed. 1979)]. Essentially then, Miller's *de novo* trial negates the arbitration hearing, and he is entitled to trial in Lexington County as a matter of law.

Blizzard's recourse is to § 15-7-100, which vests the trial court with discretion to change venue on grounds of convenience of witnesses and promotion of justice.

Affirmed.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.