THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED 
 ON IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Marlboro Park Hospital and Chesterfield General Hospital,       
Appellants,
 
 
 

v.

 
 
 
South Carolina Department of Health and Environmental Control and Doctors 
 Outpatient Surgical Clinic, LLC,       
Respondents.
 
 
 

Appeal From Richland County
Kenneth G. Goode, Circuit Court Judge

Unpublished Opinion No. 2004-UP-228
Heard January 14, 2004  Filed March 30, 2004 

REVERSED AND REMANDED 

 
 
 
David B. Summer, Jr., Faye A. Flowers, both of Columbia. 
 for Appellants.
E. Katherine Wells, of Columbia; Michael A. Molony and Stephen 
 L. Brown, both of Charleston; Douglas Jennings, Jr., of Bennettsville, for Respondents.
 
 
 

PER CURIAM:  Marlboro Park Hospital and 
 Chesterfield General Hospital (Hospitals) appeal the circuit courts decision 
 affirming the South Carolina Department of Health and Environmental Control 
 Boards (the DHEC Board) grant of a certificate of need to Doctors Outpatient 
 Surgical Clinic (DOSC), which reversed the decision of a South Carolina Administrative 
 Law Judge (ALJ) denying the certificate.  On appeal, the Hospitals argue the 
 circuit court erred in (1) affirming the DHEC Boards de novo review 
 of the ALJs decision; and (2) finding that the ALJ improperly considered evidence 
 not presented at a preceding Staff Review Hearing conducted by the South Carolina 
 Department of Health and Environmental Control (DHEC).  We agree and reverse, 
 finding the DHEC Board erred in using a de novo standard of review rather 
 than one requiring substantial evidence.  Additionally, we find that substantial 
 evidence supports the decision of the ALJ. We further find that the ALJ properly 
 considered evidence not presented to DHEC in a preceding Staff Review Hearing 
 because the evidence was related to issues presented during that hearing.  Accordingly, 
 we reverse and remand to the circuit court to reinstate the decision of the 
 ALJ.
FACTS/PROCEDURAL HISTORY
DOSC filed its application for a certificate of 
 need with DHEC in 1988, seeking to construct an ambulatory surgery center in 
 Bennettsville.  The Hospitals opposed the application.  
DHEC conducted a Staff Review Hearing on the application 
 during which both parties presented information supporting their respective 
 positions.  In particular, the Hospitals argued that the proposed outpatient 
 surgery center would adversely impact the Hospitals and need for the center 
 was insufficient.  DHEC recommended approval of the application for the certificate 
 of need.
The Hospitals requested a contested case hearing 
 before the ALJ.  The ALJ conducted a hearing over a seven-day period, during 
 which both sides presented evidence and testimony from eighteen witnesses.  
 After making findings of fact, the ALJ concluded the application did not meet 
 the legal criteria for approval of the certificate of need.  The ALJs decision 
 was based in part on the lack of need of a facility and in part on the negative 
 impact the facility would have on the Hospitals.
DOSC appealed this decision to the Board.  
 In a hearing lasting a little over one hour, the DHEC Board heard oral arguments 
 from both parties.  It subsequently issued its order reversing the order of 
 the ALJ and granting the certificate of need.  The Board set forth its own findings 
 of fact that contradicted many of the ALJs findings.
The Hospitals appealed to the circuit 
 court, which affirmed the Boards decision.  The Hospitals subsequently filed 
 a motion for reconsideration, which the circuit court denied.  This appeal follows.
LAW/ANALYSIS
I.      
The Boards Standard of Review
The Hospitals argue the Board improperly 
 found facts according to its own view of the evidence utilizing a de novo 
 standard.  We agree.
The ALJ presides over all hearings of contested 
 DHEC permitting cases.  See S.C. Code Ann. § 1-23-600(B) (Supp. 2002).  
 In such cases, the ALJ serves as the finder of fact.  Brown v. S.C. Dept 
 of Health & Envtl. Control, 348 S.C. 507, 512, 560 S.E.2d 410, 413 (2002).  
 On appeal of such a contested case, a reviewing tribunal must affirm the ALJ 
 if the findings are supported by substantial evidence, not based on the [Boards] 
 on view of the evidence.  Dorman v. Dept of Health & Envtl. Control, 
 350 S.C. 159, 166, 565 S.E.2d 119, 123 (Ct. App. 2002).  Here, DHECs Board 
 undisputedly sat in an appellate capacity when reviewing the ALJs decision.  
 We find that the DHEC board erred by applying a de novo standard of review 
 rather than a substantial evidence standard. 
 [1] 
II.      ALJs Consideration of New Evidence
The Hospitals further assign error to 
 the DHEC Boards determination, with which the circuit court concurred, that 
 S.C. Code Ann. § 44-7-210(E) (Supp. 2000) confines contested hearings before 
 the ALJ to the exact evidence considered during the preceding Staff Review Hearing.  
 We agree with this assignment of error.
 The DHEC Board held that the ALJ erred 
 in considering evidence not presented during the Staff Review Hearing, all of 
 which undisputedly related to core issues addressed during that hearing. [2]   Relying on S.C. Code Ann. § 44-7-210(E), the 
 Board stated that parties are not allowed to submit new or additional facts 
 for consideration at the contested case hearing which were not part of the administrative 
 record at the time of the [DHEC Staff Review Hearing.] 
 [3]   We find the DHEC Boards interpretation of Section 44-7-210(E) erroneous.
The cardinal rule of statutory construction is 
 to ascertain and effectuate the legislative intent whenever possible.  Strother 
 v. Lexington County Recreation Commn, 332 S.C. 54, 62, 504 S.E.2d 117, 
 121 (1998).  All rules of statutory construction are subservient to the one 
 that the legislative intent must prevail if it can be reasonably discovered 
 in the language used, and that language must be construed in the light of the 
 intended purpose of the statute.  Kiriakides v. United Artists Communications, 
 Inc., 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994).  The words of the statute 
 must be given their plain and ordinary meaning without resorting to subtle or 
 forced construction to limit or expand the statutes operation.  Hitatchi 
 Data Sys. Corp. v. Leatherman, 309 S.C. 174, 178, 420 S.E.2d 843, 846 (1992).  

Here, S.C. Code Ann. § 44-7-210(E) states [t]he 
 issues considered at the contested case hearings are limited to those 
 presented or considered during the staff review and decision process.  (emphasis 
 added).  However, DHECs Board expansively interpreted the statute to preclude 
 the ALJ in contested hearings from receiving any evidence not presented 
 to DHEC during a Staff Review Hearing.  We reject this interpretation, finding 
 it conflicts with the plain language of the statute and the ordinary meaning 
 of the word issues as used in this context.
Additionally, the interpretation advanced 
 by the DHEC Board and circuit court is inconsistent with applicable case law 
 providing a de novo review for ALJ hearings conducted in a posture similar 
 to that in the case at bar.   See Brown, 348 S.C. at 512, 560 
 S.E.2d at 413 (noting that when reviewing a contested case on appeal, the ALJ 
 conducts a de novo hearing with the presentation of evidence and testimony.).  
 A trial de novo is one in which the whole case is tried as if no trial 
 whatsoever had been had in the first instance.  Blizzard v. Miller, 
 306 S.C. 373, 375, 412 S.E.2d 406, 407 (1991).   Moreover, when reviewing a 
 contested case on appeal, [t]he ALJ, as the fact-finder, must make sufficiently 
 detailed findings supporting the denial [or grant] of a permit application.  
 Converse Power Corp. v. S.C. Dept of Health & Envtl. Control, 350 
 S.C. 39, 46, 564 S.E.2d 341, 345 (Ct. App. 2002).  Detailed findings enable 
 [an appellate court] to determine whether such findings are supported by the 
 evidence . . . .  Id.  Here, because the ALJ was conducting a de 
 novo hearing, we find that he properly considered the evidence presented 
 in his pursuit to make sufficiently detailed findings of fact for subsequent 
 review.  
Based on our interpretation of the unambiguous 
 language in S.C. Code Ann. § 44-7-210(E) (Supp. 2000) and case law providing 
 the ALJ a de novo review in contested hearings arising from a DHECs 
 Staff Review Hearing, we conclude that the DHEC Board erred in expanding the 
 term issues to include evidence.  In light of the DHEC Board error, we consequently 
 find that the circuit court erred in its acquiescence to the DHECs Board position.
III.    Substantial Evidence
The Hospitals contend there was substantial 
 evidence to support the ALJs finding that the certificate of need should be 
 denied.  In particular, they maintain substantial evidence was presented to 
 show the proposed facility would adversely impact the two existing facilities 
 and the need for a new facility was insufficient.  Consequently, based upon 
 the credible evidence as determined by the ALJ, the application 
 would not comply with the State Health Plan, thus requiring a denial of the 
 permit by DHEC.  We agree.
Under S.C. Code Ann. § 44-7-210(C) (2002), DHEC must 
 deny a Certificate of Need if an application does not comply with the State 
 Health Plan.  Under the applicable State Health Plan, approval of an ambulatory 
 surgical facility requires that six certain criteria must be met.  These criteria 
 include proof of a documented need for the facility and a discussion on the 
 impact on existing facilities.  The State Health Plan also ranked nine criteria 
 to be considered while reviewing DOSCs application.  The nine criteria in order 
 of importance to DHEC are need, community need documentation, distribution (accessibility), 
 acceptability, efficiency, adverse effect on other facilities, record of the 
 Applicant, ability to complete the project, and financial feasibility. [4] 
As previously discussed, review of the ALJs factual 
 determinations is measured by the substantial evidence standard.  Substantial 
 evidence is not merely a scintilla of evidence, nor is it evidence viewed blindly 
 from one side.  Leventis v. S.C. Dept of Health & Envtl. Control, 
 340 S.C. 118, 130, 530 S.E.2d 643, 650 (2000)   Instead, substantial evidence 
 is evidence that, in light of the whole record, allows reasonable minds to reach 
 the reviewing tribunals conclusion.  Id.  Here, the Hospitals, as the 
 moving parties, bore the burden of proving that DOSCs requested certificate 
 of need should be denied.  See S.C. Code Ann. § 44-7-210(E) (Supp. 2000) 
 (The burden of proof in a reconsideration or contested case hearing must be 
 upon the moving party.).  
The ALJ found the Hospitals adequately demonstrated 
 that the proposed facility would have a significant adverse impact on the two 
 Hospitals and that there was not sufficient need demonstrated to justify the 
 new facility.  Given evidence presented at the ALJ hearing regarding the lack 
 of full utilization of the Hospitals current facilities, the probability that 
 the new facility will not be able to recapture enough patients to meet its projections, 
 and the result that patients would be taken from the Hospitals, we find substantial 
 evidence existed in the record before the ALJ to support the ALJs decision 
 denying the certificate of need.  We do recognize the evidence to the contrary.  
 But, as noted, the appropriate standard of review precludes a de novo 
 review on appeal.  Where, as here, reasonable minds could reach the same decision 
 as the ALJ, that decision is supported by substantial evidence.  
CONCLUSION
For the forgoing reasons, the decision 
 of the circuit court is reversed, and the matter is remanded to the circuit 
 court to reinstate the decision of the ALJ. 
REVERSED AND REMANDED. 
HEARN, C.J., KITTREDGE, J., and CURETON, A.J., 
 concur.

 
 
 [1]           We are well aware that the DHEC Boards brazen attitude 
 and utter disregard for the proper standard of review created the procedural 
 chaos that followed.  The parties, in their respective filings with the Board, 
 conceded that the substantial evidence standard governed the review of the 
 ALJs factual determinations.  In defiance of the parties concession and 
 applicable law, the DHEC Board made its own findings of fact, and unapologetically 
 refused to consider the entire record developed in the contested hearing before 
 the ALJ. 

 
 
 [2]            Two core issues addressed in DHECs Staff Review Hearing 
 addressed (1) whether there was sufficient need for the proposed facility, 
 and (2) the extent to which, if any, the proposed facility would have an adverse 
 impact on the Hospitals.   The ALJ considered evidence related to these issues, 
 including the following evidence not presented during the preceding Staff 
 Review Hearing:  (1) expert testimony regarding need and adverse impact of 
 the center because the experts were hired subsequent to the hearing; (2) the 
 Hospitals Joint Annual Reports;  (3) 1997 outmigration data compiled by the 
 Budget and Control Board; and (4) information on the impact of the federal 
 1997 Balanced Budget Acts reduction in payments to health care providers.  
 This evidence dealt squarely with the issues before the ALJ.

 
 
 [3] The circuit court did not specifically address this issue in oral 
 arguments, its subsequent written order, or in response to the Hospitals 
 motion for reconsideration.

 
 [4] 
           The State Health Plan also adds:  [DHEC] will continue to evaluate 
 applications for ambulatory surgery centers on their individual merit.  However, 
 it is the determination of [DHEC] that the benefits of improved accessibility 
 will not outweigh the adverse affects caused by the duplication of existing 
 services or equipment.