22343

Robin LANGLEY, Respondent, v. James Lee BOYTER and Concrete Specialties of America, Petitioners.

(332 S. E. (2d) 100)

Supreme Court

*Kenneth M. Suggs*, Columbia, *for respondent.*

*Robert G. Currin, Jr.*, Columbia, *for petitioners.*

*Charles E. Carpenter, Jr.*, Columbia, *amicus curiae, for S. C. Defense Trial Attorneys.*

*H. Fred Kuhn, Jr.*, Beaufort, *amicus curiae, for S. C. Trial Lawyers Association.*

Writ Issued Dec. 10, 1984.

Heard May 7, 1985.

Decided June 11, 1985.

*Per Curiam:*

This is a typical automobile collision case wherein the plaintiff seeks damages for personal injuries and property loss. The complaint alleges negligence, proximate cause and damages attributable to the defendants. The defendants deny negligence and assert the affirmative defense of contributory negligence on the part of the plaintiff. At a pretrial conference, plaintiff moved that the defense of contributory negligence be struck and that the court apply the doctrine of comparative negligence instead. The motion was denied.

Upon a jury trial, the plaintiff requested that the judge charge the law of comparative negligence in lieu of the law of contributory negligence. This motion was also denied. After the jury returned a verdict in favor of the defendants, the plaintiff requested a new trial on the ground that the judge erred in refusing to apply the law of comparative negligence. A new trial was denied and an appeal to the Supreme Court of South Carolina followed.

Counsel for the plaintiff petitioned the Court for permission to argue for the aboliton of the doctrine of contributory negligence and for the overruling of prior cases upholding that doctrine. On January 6, 1982, this Court denied the petition.

Thereafter, the case was included among those transferred to the Court of Appeals for hearing. On November 21, 1983, the plaintiff filed an identical petition with the Court of Appeals to be allowed to argue for the overruling of the

doctrine of contributory negligence. That motion was granted by the Court of Appeals. Thereafter, the Court of Appeals reversed the trial judge and declared for the first time the law of comparative negligence was applicable in this state. Accordingly, a new trial was ordered by the Court of Appeals.

Subsequently a Writ of Certiorari to review the opinion of the Court of Appeals was issued. We have now heard arguments and quash the opinion of the Court of Appeals as found in *Langley v. Boyter*, 325 S. E. (2d) 550 (S. C. App. 1984).

The defendants contend that inasmuch as the Supreme Court had denied counsel the right to argue against the doctrine of contributory negligence in favor of the doctrine of comparative negligence, the Court of Appeals erred in granting the motion and in reversing the orders of the trial court judge. We agree.

Upon transfer of the case, the Court of Appeals could take only such action as the Supreme Court might have taken. The argument against precedent could not have been made in our Court and was accordingly improper in the Court of Appeals.

We do not reach the merits of comparative negligence as contrasted with the merits of contributory negligence. That issue must await the permission of this Court before a change in this basic, well-established law is brought about, unless the Legislature acts on the matter beforehand.

The opinion of the Court of Appeals is

Quashed.