1577

Gene ADAMS, Norman L. Capps, Robert Fisher, Clyde Littlejohn, Imojean Littlejohn, Clara C. Powell, Ellie S. Powell, Brenda Martin, Ralph Martin, Charles McKenzie, Jim Roark, and Vangie Roark, Individually and as Representatives of a Class of People Similarly Situated, Appellants v. SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL and the County of Greenwood, Respondents.

(399 S.E. (2d) 788)

Court of Appeals

*G.P. Callison, Jr.,* and *Billy J. Garrett, Jr.,* both of *Callison, Dorn, Thomason, & Garrett,* Greenwood, *for appellants.*

*Elizabeth B. Partlow* and *Walton J. McLeod, III,* both of *SCDHEC,* Columbia, and *Stephen B. Baggett,* Greenwood, *for respondents.*

Heard Nov. 6, 1990.

Decided Dec. 10, 1990.

GOOLSBY, Judge:

Gene Adams, Norman L. Capps, Robert Fisher, Clyde Littlejohn, Imojean Littlejohn, Clara C. Powell, Ellie S. Powell, Brenda Martin, Ralph Martin, Charles McKenzie, Jim Roark and Vangie Roark appeal the order of the circuit court affirming the decision of the South Carolina Department of Health and Environmental Control (DHEC) to issue Greenwood County a permit to operate a sanitary landfill off McKenzie Road in Greenwood County. The residents claim that the site for the proposed landfill does not satisfy DHEC's site location requirements[1] for sanitary landfills in that the site does not meet access requirements, does not conform with the surrounding environment, and does not conform with the future development of the area. We reverse DHEC's decision to issue the permit and remand the case for further proceedings.

---

[1] These requirements are prescribed by 25 S.C. Code Ann. Regs. 61-70VA (1976). The regulation reads in pertinent part:

A. Site Location Requirements. The disposal location site shall:
1. be easily accessible to collection vehicles, private autos, and where applicable, transfer vehicles;
. . . .
4. conform with the surrounding environment; [and]
5. conform with future development of the area.

## I.

We begin with our standard of review.

In cases involving a decision of an administrative agency, such as DHEC, we "may affirm the decision of the agency or remand the case for further proceedings." S.C. Code Ann. § 1-23-380(g) (1976). We may reverse an agency's decision where the findings of the agency "[are] [c]learly erroneous in view of the reliable, probative and substantial evidence on the whole record" or the findings "[are] [a]ffected by . . . legal error." *Id.* § 1-23-380(g)(4) and (5) (1976); *Lail v. Georgia-Pacific Corporation,* 285 S.C. 234, 328 S.E. (2d) 911 (1985); *see National Health Corporation v. South Carolina Department of Health and Environmental Control,* 298 S.C. 373, 380 S.E. (2d) 841 (Ct. App. 1989).

## II.

### A.

We see no merit to the appellants' contention that the proposed site does not satisfy access requirements because McKenzie Road is only 20 feet wide in some places. Regulation 61-70VA1 does not specify a minimum width.

Moreover, McKenzie Road is a state road with a 20-ton load limit, its width varies from 20 to 23 feet, it is regularly used for two-way vehicular traffic, and Greenwood County will construct a 22-foot wide access road from McKenzie Road to the landfill site.

Also, there is no evidence that collection vehicles, automobiles, and transfer vehicles using McKenzie Road will experience difficulties to such an extent that the landfill site will not be "easily accessible."

### B.

We likewise find no merit to the appellants' argument that the record shows the proposed landfill site does not conform with the surrounding environment.

DHEC found the proposed landfill site conforms with the surrounding environment because the McKenzie Road area is primarily a low-density rural and agricultural area, the area has no zoning laws, there is only one home within one-fourth mile of the proposed landfill's trenches, and the area's residents will be unable to see the landfill from their homes once a

soil berm planned for the landfill is placed at its edge. Nowhere in their brief do the appellants contend that these findings lack evidentiary support. Had they done so, however, we would hold that substantial evidence, unnecessary to detail here, supports them.[2]

Apparently, it is the appellants' position that the proposed site does not conform with the surrounding environment because a landfill is necessarily inharmonious with an area that is "low-density rural and agricultural." If this is their position, we do not agree with it. Admittedly, the use of property for a landfill differs from the use of property for either low-density housing or for agricultural purposes; however, the question is whether the use of property as a landfill "conforms to the surrounding environment" and not whether such use differs from the uses of the property in the surrounding area.

The appellants also argue in their brief that the proposed landfill site does not conform with the surrounding environment because the property adjoining the site is subject to a restriction prohibiting that property from being used in such a way as to "constitute a nuisance or injure the value of . . . adjoining . . . property. . . ." The appellants cite no authority whatever to support their argument that the restriction placed on the uses of property that adjoins other property serves also, without more, to restrict the uses to which the other property may be devoted. Our own research has not uncovered any support for the argument either. *See Cheves v. City Council of Charleston*, 185 S.C. 544, 549, 195 S.E. 113, 115 (1938) ("[U]nless there is a manifest intention to the con-

---

[2] The chief of the Bureau of Solid and Hazardous Waste testified that the requirement that a disposal location site "conform with the surrounding environment" is "directed more toward limiting the overall height . . . of a facility . . . and the possible impacts you [sic] could have on the surrounding area." In its brief, DHEC suggests that this requirement has always been interpreted to relate only to topographical considerations, *i.e.*, whether the site is an accord with the description of the particular place. *See* WEBSTER'S NEW UNIVERSAL UNABRIDGED DICTIONARY at 1924 (2d ed. 1983) (defining the word "topography"). The appellants offer no exception that challenges the limited view DHEC takes of its own regulation, though clearly the word "environment," even as defined by the Pollution Control Act, means more than simply the description of a particular place. *See* S.C. Code Ann. § 48-1-10(20) (1987) (the word "environment," as used in the Pollution Control Act, "means the waters, ambient air, soil and/or land").

trary, a general covenant will be construed as limited to the premises purchased.").

## C.

As to the appellants' argument that the record shows the proposed landfill site does not conform with the future development of the area, DHEC made no findings regarding what the future development of the area will be and whether the proposed landfill will conform with that development. DHEC made findings that only describe the surrounding area at the present time and the landfill "[w]hen it is full" and it addressed only the issue of whether the landfill "conforms" "with the surrounding area" as the area now exists.

Because DHEC failed to make these critical findings, legal error controls its decisions to grant Greenwood County a permit to construct a sanitary landfill on McKenzie Road. We therefore reverse DHEC's decision and remand the case for further proceedings. S.C. Code Ann. § 1-23-380(g) (1976); *see Mohasco Corporation, Dixiana Mill Division v. Rising,* 289 S.C. 130, 345 S.E. (2d) 249 (Ct. App. 1986), *rev'd on other grounds,* 292 S.C. 489, 357 S.E. (2d) 456 (1987) (the failure of an administrative agency to make a critical finding of fact required reversal of an administrative decision to award benefits and a remand of the case for the purpose of determining the overlooked factual issue); *cf.* 101 C.J.S. *Workmen's Compensation* § 788 at 27-29 (1958) ("The case may also be remanded where . . . the findings [are] . . . incomplete . . . or a material issue was not considered. . . ."). On remand, DHEC shall determine, based on the evidence contained in the existing record, what the future development of the area will be and whether the proposed landfill will conform with that development. *Cf. South Carolina State Highway Department v. Westboro Weaving Company,* 244 S.C. 516, 137 S.E. (2d) 776 (1964) (factors to consider in determining the future development of property in condemnation actions are whether the property is adaptable to the other use and whether it is reasonably probable that the property will be put to the other use within the immediate future or within a reasonable time).

Reversed and remanded.

SANDERS, C.J., and LITTLEJOHN, Acting Associate Justice, concur.