616 S.E.2d 419

SMITH–HUNTER CONSTRUCTION COMPANY, INC., Respondent/Appellant,

v.

Clark N. HOPSON and Nancy Hopson, Appellants/Respondents.

and

Clark Hopson and Nancy Hopson, Appellants/Respondents,

v.

Smith–Hunter Construction Company, Inc., Respondent/Appellant.

No. 26009.

Supreme Court of South Carolina.

Heard April 19, 2005.

Decided July 5, 2005.

126

H. Fred Kuhn, Jr., of Moss, Kuhn & Fleming, P.A., of Beaufort, and Mark H. Lund, of Bluffton, for appellants/respondents.

Joseph R. Barker, of Bethea, Jordan & Griffin, P.A., of Hilton Head Island, for respondent/appellant.

Justice MOORE:

Both parties have appealed the trial court's order in this action concerning the construction of a house. This matter was certified from the Court of Appeals pursuant to Rule 204(b), SCACR.

## FACTS

In 1998, respondent/appellant, Smith–Hunter Construction Company (Builder), filed an affidavit of mechanic's lien and a complaint. The complaint arose from Builder's construction of a residence for appellants/respondents (Homeowners) for the amount of $828,363. The complaint set forth three causes of action: (1) foreclosure of a mechanic's lien; (2) breach of contract; and (3) *quantum meruit.* Homeowners also filed a complaint asserting various breaches of the contract and defective construction by Builder. The two lawsuits were consolidated for trial without a jury.

In its first order, the trial court entered judgment on behalf of Builder in a total amount of $209,337.90. After a hearing on Homeowners' Rule 59(e), SCRCP, motion to alter or amend the judgment, the court issued a revised order that reduced the judgment against Homeowners from $209,337.90 to $199,028.48. The court reversed its previous ruling that Builder was entitled to recover for the amount representing 13% of the cost of the roof that was placed on the residence and the amount representing 13% of the cost of Arrow Roofing labor in placing the roof on the residence. Builder then made a Rule 59(e) motion that was denied. Both parties appeal the court's order.

## Homeowners' Appeal

Did the trial court err by awarding prejudgment interest to Builder?

## DISCUSSION

■ The trial court found Builder was entitled to recover $73,117 in actual damages and also found Builder was entitled to $26,397.24 in prejudgment interest. Homeowners argue the award of prejudgment interest was in error because the trial court had to review the facts and determine if the amount claimed by Builder was reasonable given that all of the underlying amounts for work completed were not represented by written and signed change orders. Homeowners argue prejudgment interest could not be awarded because the amount owed to Builder was neither a sum certain nor capable of being reduced to a sum certain.

■ The law allows prejudgment interest on obligations to pay money from the time when, either by agreement of the parties or operation of law, the payment is demandable and if the sum is certain or capable of being reduced to certainty. *Babb v. Rothrock,* 310 S.C. 350, 426 S.E.2d 789 (1993). The fact that the sum due is disputed does not render the claim unliquidated for the purposes of an award of prejudgment interest. *Id.* The proper test for determining whether prejudgment interest may be awarded is whether or not the measure of recovery, not necessarily the amount of damages, is fixed by conditions existing at the time the claim arose. *Id.*

■ We find the trial court properly awarded prejudgment interest because the amount owed to Builder is "capable of being reduced to a sum certain." The measure of recovery was fixed by conditions existing at the time the claim arose. The costs of the work completed by Builder at the time of Homeowners' breach of contract were established via Builder's invoices.[1] Builder was also entitled to 13% in profits and

---

1. Homeowners argue the invoices and memos representing work completed by Builder at the time of wrongful termination were not "change orders" as contemplated by the contract. However, as the trial court correctly noted, while these documents did not comply with the contract by not being signed by both parties and setting forth the resulting

overhead on the jobs completed.[2]  The mere fact that Home-owners disagreed with Builder regarding the amounts, which were stated in the invoices, representing completed work did not preclude an award of prejudgment interest.  The trial court did not err by awarding prejudgment interest because the measure of recovery was fixed by conditions existing at the time the claim arose.

## CONCLUSION

We find the trial court did not err by awarding prejudgment interest to Builder.  Regarding Homeowners' remaining issues, we affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Issue II: Food Mart v. South Carolina Dep't of Health and Envt'l Control,* 322 S.C. 232, 471 S.E.2d 688 (1996) (matters not argued to or ruled on by trial court are not preserved for review); S.C.Code Ann. § 29–5–10(a) (Supp. 2004) (costs which may arise in enforcing mechanic's lien, including reasonable attorney's fee, may be recovered by prevailing party; fee and court costs may not exceed the lien amount); *Issue III: Food Mart, supra* (matters not argued to or ruled on by trial court are not preserved for review); *Issue IV: Food Mart, supra* (matters not argued to or ruled on by trial court are not preserved for review); *Trico Surveying, Inc. v. Godley Auction Co., Inc.,* 314 S.C. 542, 431 S.E.2d 565 (1993) (attorney's fee award affirmed where attorney provided detailed affidavit itemizing time and expenses and where court considered factors requisite to award of attorney's fees); *Bar-*

adjustments in contract price and completion date, Homeowners had waived those provisions of the contract.  *See T.W. Morton Builders, Inc. v. von Buedingen,* 316 S.C. 388, 450 S.E.2d 87 (Ct.App.1994) (homeowners waived right to insist written change order forms be completed for changes in home improvement project where homeowners requested changes in construction work without insisting on written change order forms).  The trial court appropriately found Homeowners had authorized the work done pursuant to those invoices, knew the work was being done, and accepted the benefits of the work.

2.  Homeowners have not disputed that 13% of the work completed and materials used prior to wrongful termination is an appropriate method to calculate the profits and overhead to which Builder is entitled.  The trial court appropriately found that using the 13% figure is a fixed method by which the profits Builder seeks to recover may be determined with a fair degree of accuracy.

*on Data Sys., Inc. v. Loter,* 297 S.C. 382, 377 S.E.2d 296 (1989) (amount of attorney's fees to be awarded in particular case is within trial court's discretion).

Regarding Builder's appeal, we affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Columbia Wholesale Co., Inc. v. Scudder May N.V.,* 312 S.C. 259, 440 S.E.2d 129 (1994) (elements of *quantum meruit* are: (1) benefit conferred upon defendant by plaintiff; (2) realization of that benefit by defendant; and (3) retention by defendant of benefit under conditions that make it unjust for him to retain it without paying its value); *Tiger, Inc. v. Fisher Agro, Inc.,* 301 S.C. 229, 391 S.E.2d 538 (1989) (while Court may review evidence to determine facts in accordance with its own view of the preponderance of the evidence, Court does not disregard Master's findings, who saw and heard witnesses and was in better position to evaluate their credibility). Therefore, the decision of the trial court is

**AFFIRMED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.