642 S.E.2d 757

**VAUGHN DEVELOPMENT, INC., Respondent,**

v.

**WESTVACO DEVELOPMENT CORPORATION, Appellant.**

**No. 4214.**

Court of Appeals of South Carolina.

Heard Feb. 7, 2007.

Decided March 12, 2007.

G. Dana Sinkler, of Charleston, for Appellant.

Frank M. Cisa, of Mt. Pleasant, for Respondent.

STILWELL, J.:

Vaughn Development, Inc. filed this breach of contract action against Westvaco Development Corporation. A jury awarded Vaughn Development $37,492.24, and the trial court awarded prejudgment interest. Westvaco appeals the award of prejudgment interest. We reverse.

## FACTS

In 1999, Vaughn Development[1] purchased a 19 acre tract of land in Berkeley County from Westvaco for the purpose of developing the tract into single family lots. The contract provided, in part:

> That water, sanitary sewer, storm sewer and/or drainage outfalls are or shall be installed and operational within the road right-of-way adjacent to the boundary of the Property at no cost or expense to the Purchaser; that such utility installations are or shall be adequate and sufficient to provide such quantities, pressures, and capacities as will permit the utilization of the Property as herein contemplated, and that Purchaser shall be entitled to obtain, at Purchaser's expense, necessary water and sanitary sewer taps after payment of impact fees, if any, tap-on fees, and user charges as are normally and uniformly imposed by the utility companies or governmental agencies supplying such services[.]

---

1. Vaughn Development is a successor in interest under the contract between Westvaco and Vaughn Homes, Inc.

Steve Vaughn, President of Vaughn Development, testified that Joe Collins of Westvaco assured him that Westvaco would pay for the sewer installation. Collins denied making any such assurance.

Vaughn Development hired Superior Utilities, Inc. to install two sewer mains and manholes and four service crossings at a cost of $88,691. Vaughn Development requested reimbursement from Westvaco for this amount by letter dated September 9, 2002. The letter included Superior Utilities' cost detail. Westvaco responded by stating it would pay only $18,746.12 for the sewer work, which represented the cost of one sewer main based on Superior Utilities' cost detail. The jury awarded Vaughn Development $37,492.24, a sum equivalent to the cost of two sewer mains. The court awarded Vaughn Development prejudgment interest. Westvaco appeals.

## LAW/ANALYSIS

Westvaco argues the trial court erred in awarding prejudgment interest because the measure of recovery could not have been determined at the time the claim arose. We agree.

Historically, the recovery of prejudgment interest was severely limited. Michael S. Knoll, *A Primer on Prejudgment Interest* 75 Tex. L.Rev. 293, 294–98 (1996). "The roots of prejudgment interest law are based on centuries-old moral and religious proscriptions against interest and loans. Both the ancient Israelites and Greeks viewed the taking of any interest as usurious." Martin Oyos, Comment, *Prejudgment Interest in* South Dakota, 33 S.D. L.Rev. 484, 485–86 (1988). With the shift from agrarian economies in the common law European countries, and the emphasis in this country from the beginning on the mercantile influence, prejudgment interest has become more favored and the courts now allow prejudgment interest on liquidated amounts. James L. Bernard, Note, *Prejudgment Interest and the Copyright Act of 1976* 5 Fordham Intell. Prop. Media & Ent. L.J. 427, 433 (1995). There has been, however, "growing dissatisfaction with the distinction between liquidated and unliquidated damages. As a result, many jurisdictions abandoned it.... With the breakdown and rejection of the distinction between liquidated and unliquidated damages, courts established more liberal rules

for awarding prejudgment interest. Some courts looked to whether the claim was 'ascertainable.' " *Id.* at 434–36. This liberalization of prejudgment law has even led to recovery of prejudgment interest for personal injury damages, usually calculable from the time of a settlement offer or demand. *See generally* Diane M. Allen, Annotation, *Validity and Construction of State Statute or Rule Allowing or Changing Rate of Prejudgment Interest in Tort Actions* 40 A.L.R.4th 147 (1985) (cases and statutes cited therein).

Turning to South Carolina, we find an initial similar trend. In the early part of the last century in South Carolina, the law regarding prejudgment interest was strict. The failure of the party owing money to acknowledge a sum owed prevented a plaintiff from recovering prejudgment interest; the amount due had to be acknowledged and liquidated. *Wakefield v. Spoon,* 100 S.C. 100, 106, 84 S.E. 418, 420 (1915). However, even under this specific rule, the law surrounding prejudgment interest was muddled. *Goddard v. Bulow* 10 S.C.L. (1 Nott & McC.) 45, 56 (1818) ("It is not a little extraordinary that a question of every day's occurrence, should have remained to this time unsettled . . . ."). Also similar to the trend in the United States, South Carolina liberalized the rules for awarding prejudgment interest. The governing statute looks to whether the claim is ascertainable. *See* S.C.Code Ann. § 34–31–20(A) (Supp.2006) ("In all cases of accounts stated and in all cases wherein any sum or sums of money shall be ascertained and, being due, shall draw interest according to law . . . ."). "In South Carolina, interest may also be awarded in equity cases, conversion cases, and property cases." 11 S.C. Juris. *Damages* § 8 (1992).

In recent years, our supreme court has explained that prejudgment interest is permitted by operation of law "if the sum is certain or capable of being reduced to certainty." *Smith–Hunter Constr. Co. v. Hopson* 365 S.C. 125, 128, 616 S.E.2d 419, 421 (2005). In *Butler Contracting, Inc. v. Court Street, LLC,* 369 S.C. 121, 631 S.E.2d 252 (2006) our supreme court explained:

> Stated another way, prejudgment interest is allowed on a claim of liquidated damages; i.e., the sum is certain or capable of being reduced to certainty based on a mathemati-

cal calculation previously agreed to by the parties. Prejudgment interest is not allowed on an unliquidated claim in the absence of an agreement or statute. The fact that the amount due is disputed by the opposing party does not render the claim unliquidated for the purposes of an award of prejudgment interest.

*Butler*, 369 S.C. at 133, 631 S.E.2d at 258–59 (internal citations omitted).

Despite *Smith–Hunter* and *Butler*, the issue of prejudgment interest remains confusing and is often litigated. Accordingly, as an intermediate appellate court, we are unwilling to go beyond these cases most recently decided by our supreme court. Vaughn Development relies on these cases to support the award of prejudgment interest. We find an award of prejudgment interest in this case would expand the interpretation of 'ascertainable' beyond that defined in *Smith–Hunter* and *Butler Contracting*.

In *Smith–Hunter* our supreme court affirmed an award of prejudgment interest in a breach of contract action brought by a builder against homeowners. 365 S.C. at 128–130, 616 S.E.2d at 421–22. The court found "[t]he measure of recovery was fixed by conditions existing at the time the claim arose. The costs of the work completed by [the builder] at the time of [the homeowners'] breach of contract were established via [the builder's] invoices." *Id.* at 128, 616 S.E.2d at 421.

In *Butler*, a subcontractor sought to recover in an action to enforce a mechanic's lien. 369 S.C. at 125–27, 631 S.E.2d at 254–55. Our supreme court reversed the trial court's denial of prejudgment interest finding although there was an obvious dispute as to the amount owed the subcontractor, "[t]he proper test for determining whether prejudgment interest may be awarded is whether the measure of recovery, not necessarily the amount of damages, is fixed by conditions existing at the time the claim arose." *Id.* at 133, 631 S.E.2d at 259.

■ Unlike *Smith–Hunter* and *Butler Contracting* the measure of damages was not fixed in this case. There was an intermediate question that had to be decided before the measure of damages could be ascertained. Under the terms of the contract, the scope of the work required was not certain and

the damages could only be measured after that determination was made. The contract provided that the sewer installation "shall be adequate and sufficient to provide such quantities, pressures, and capacities as will permit the utilization of the Property as herein contemplated. . . ." We find the contract is not sufficiently specific to determine the extent of work required by its terms. In addition to the extent of the work, the parties disputed the methods of installation and whether Westvaco would install the sewer or whether Vaughn Development would hire a subcontractor to do the necessary work. These issues were not dictated in the contract. The uncertainty regarding the extent and nature of the construction required under the terms of the contract is the primary factor that distinguishes this case from those relied upon by Vaughn Development.

Because we find the measure of recovery was not fixed at the time the claim arose, we find the trial court erred in awarding prejudgment interest. Accordingly, the award of prejudgment interest is

**REVERSED.**

GOOLSBY and SHORT, JJ., concur.