670 S.E.2d 660

Charles BICKERSTAFF, M.D. and Barbara Magera, M.D., Appellants,

v.

Roger PREVOST d/b/a Prevost Construction, Inc., Respondent.

No. 4439.

Court of Appeals of South Carolina.

Heard June 4, 2008.

Decided Sept. 25, 2008.

Withdrawn, Substituted, and Refiled Jan. 7, 2009.

Rehearing Denied Jan. 7, 2008.

Patrick J. McDonald and Steven L. Smith, both of Charleston, for Appellants.

Frank M. Cisa, of Mt. Pleasant, for Respondent.

HEARN, C.J.:

Charles Bickerstaff and Barbara Magera (collectively Appellants) appeal the circuit court's award of prejudgment interest to Roger Prevost and Prevost Construction Company (Prevost). We affirm.

## FACTS

Appellants entered into a contract with Prevost for interior remodeling of their home. The home experienced significant water damage when a broken water line to the washing machine flooded the first floor of the residence. Thereafter, Appellants brought an action against Prevost alleging negligence and breach of implied warranty of workmanship as a part of the remodeling work. Prevost answered Appellants' complaint, and counterclaimed for breach of contract, implied contract/quantum meruit, and foreclosure of its previously filed mechanic's lien. Included in Prevost's counterclaims was a request for interest on any payment due pursuant to the contract, at the agreed-upon "daily rate of 1%."

A jury trial resulted in a verdict in favor of Prevost in the amount of $6,437.62. After the jury had been excused, Prevost made a post-trial motion for attorneys' fees and prejudgment interest under the contract. The contractual provision at issue stated: "Payment due under this Contract but not paid shall incur a daily interest rate of 1% from the date the payment is due." The circuit court took the matter under advisement and then issued an order awarding Prevost prejudgment interest as defined under the contract. The award of prejudgment interest is the only issue before us on appeal.

## LAW/ANALYSIS

### I. Entitlement to Prejudgment Interest/Question of Fact for the Jury

Appellants contend the issue of prejudgment interest was a question of fact that should have been submitted to the jury. Additionally, Appellants contend the circuit court's award of prejudgment interest to Prevost under the contract was in error. We disagree.

Initially, we note neither party appears to have argued during the presentation of evidence that the issue of prejudgment interest should be submitted to the jury. The circuit court issued a post-judgment order granting Prevost prejudgment interest as specified in the contract, but did not make a finding as to whether the prejudgment interest was a question of law or fact.[1] Appellants made no Rule 59(e), SCRCP, motion to alter or amend the judgment requesting the court rule on its finding. However, Appellants' argument also fails on the merits. It is well settled in this state that the award of prejudgment interest is a function of the trial court, and has never been held to be an issue of fact requiring its submission in a jury trial. See Smith–Hunter Constr. Co. v. Hopson, 365 S.C. 125, 616 S.E.2d 419 (2005); Babb v. Rothrock, 310 S.C. 350, 426 S.E.2d 789 (1993).

South Carolina law permits prejudgment interest on obligations to pay money from the time when, either by agreement of the parties or operation of law, the payment is demandable and if the sum is certain or capable of being

---

1. It is presumably implicit in its order granting interest that the court found this issue to be a question of law.

reduced to certainty. *Smith–Hunter*, 365 S.C. at 128, 616 S.E.2d at 421 (citing *Babb v. Rothrock*, 310 S.C. 350, 426 S.E.2d 789 (1993)). As explained in a recent supreme court case, "prejudgment interest is allowed on a claim of liquidated damages; i.e., the sum is certain or capable of being reduced to certainty based on a mathematical calculation previously agreed to by the parties … [t]he fact that the amount due is disputed by the opposing party does not render the claim unliquidated for the purposes of an award of prejudgment interest." *Butler Contracting, Inc. v. Court Street, LLC*, 369 S.C. 121, 133, 631 S.E.2d 252, 258–59 (2006). Thus, "[t]he proper test for determining whether prejudgment interest may be awarded is whether or not the measure of recovery, not necessarily the amount of damages, is fixed by conditions existing at the time the claim arose." *Smith–Hunter*, 365 S.C. at 128, 616 S.E.2d at 421.

Here, Appellants and Prevost entered into a contract found by the circuit court to be for a definite amount of $27,865; therefore, the measure of recovery was fixed by conditions existing at the time the claim arose. It is of no consequence that each party claimed damages under the contract, or that the jury returned a verdict for less than the liquidated damages requested by Prevost. Therefore, we find the circuit court properly considered the applicable law on prejudgment interest, and was correct in its determination that Prevost is entitled to interest on the amount of damages awarded by the jury.

## II. Consumer Protection Code Prohibits the Interest Rate under the Contract; Interest Rate Is Punitive In Nature, and Violates the Constitution and the Public Policy of This State

Appellants next contend the South Carolina Consumer Protection Code prohibits the imposition of interest in excess of twelve percent per annum. Additionally, they maintain the award of interest at the rate of one percent per day was grossly disproportionate to the amount of the principal, making it punitive in nature, and violative of the United States Constitution and the public policy of this state. Appellants present these arguments for the very first time on appeal. As a result, they were not ruled upon by the circuit court, and are not preserved for our review. *See Hubbard v. Rowe*, 192 S.C.

12, 5 S.E.2d 187 (1939) (stating the questions presented for appellate review must first have been fairly and properly raised in the circuit court and passed upon by that court); *see also State v. Powers*, 331 S.C. 37, 501 S.E.2d 116 (1998) (finding constitutional arguments are no exception to the rule, and if not raised to the trial court are deemed waived on appeal).

**AFFIRMED.**[2]

KONDUROS, J., concurs.

SHORT, J., concurs in part, dissents in part in a separate opinion.

---

2. We note this court is not blind to the inequity that results from the imposition of the rate of one percent daily interest on this jury award. The circuit court found interest was due under the contract beginning on June 1, 2004, a finding that was not appealed, and the jury award of $6,437.62 in damages occurred 725 days later, on May 26, 2006. If the provision is interpreted to provide prejudgment interest on any payment due under the contract as a one percent daily penalty fee, i.e. taking an amount of one percent of the award due each day according to the circuit court's order, then the prejudgment interest due on the award would be $46,672.75 (calculated simply by multiplying one percent of the award by 725). However, if the provision is interpreted to provide daily one percent *compounding* interest, then the prejudgment interest due on the award would be $8,744,225.12 (calculated by multiplying the $6,437.62 award, by 1.01 to the 725th power). The circuit court's order does not set out a method for calculating the interest, nor does it quote the actual dollar interest award. Appellants estimate the interest at $60,000–plus, failing to explain how they arrived at that number, and Prevost does not state a number in its brief. Although the contractual interest rate term itself is potentially ambiguous, as opposed to the academic argument of entitlement to prejudgment interest, and although a court could find alternatively that the term is unconscionable or would lead to an absurd result, we are nonetheless confronted with the insurmountable obstacle that Appellants neither made these arguments below, nor presented them to us on appeal. *See I'On v. Town of Mt. Pleasant*, 338 S.C. 406, 526 S.E.2d 716 (2000) (stating an appellate court may affirm for any reason appearing in the record, but may reverse only for a reason raised to and ruled upon by the trial court and argued on appeal); *see also Langley v. Boyter*, 284 S.C. 162, 181, 325 S.E.2d 550, 561 (Ct.App.1984) *rev'd on other grounds*, 286 S.C. 85, 332 S.E.2d 100 (1985) ("[A]ppellate courts in this state, like well-behaved children, do not speak unless spoken to and do not answer questions they are not asked."); *contra State v. Forrester*, 343 S.C. 637, 541 S.E.2d 837 (2001) (addressing an issue sua sponte); 15 SC Juris Appeal and Error §§ 71–73 (1992 and Supp.2007)

SHORT, J., (concurring in part, dissenting in part):

I concur in part and respectfully dissent in part.

I agree with the majority that Appellants' Consumer Protection Code and constitutional arguments are not preserved for review. However, I find the issue of whether the prejudgment interest should have been presented to the jury is not preserved for review.[3] Furthermore, I would remand the action for the trial court to set the amount of prejudgment interest.

As noted by the majority in footnote 2, the issue of the amount of interest due is still unsettled. As there is something remaining to be done prior to full resolution of this case, I would remand to the Honorable Deadra L. Jefferson for a hearing to determine the amount of prejudgment interest to award Prevost. *See TranSouth Fin'l Corp. v. Cochran,* 324 S.C. 290, 297, 478 S.E.2d 63, 66–67 (Ct.App.1996) (remanding for an additional hearing to determine the amount of the final judgment where the parties disputed, *inter alia,* the prejudgment interest due on an undisputed principal amount due). *See generally Adams v. South Carolina Dep't of Health & Envtl. Control,* 303 S.C. 251, 255, 399 S.E.2d 788, 790 (Ct.App. 1990) (remanding case due to legal error because agency failed to make critical findings).

The inequity arising from an award of prejudgment interest calculated by multiplying one percent of the judgment by 725, as is the case here as calculated by the majority, and the parties' confusion as to the amount of the judgment including

(outlining the rules and exceptions for preserving and presenting error for appellate review).

**3.** After the jury returned its verdict, Appellants argued the prejudgment interest rate was a matter for the jury. The trial judge stated: "I am inclined to believe, although I'm not fixed in that opinion, that the one percent that would be due on the debt is a matter of law for the Court." The judge required the parties to submit orders on the issue of, *inter alia,* prejudgment interest. In the final order, the court concluded Prevost was entitled to prejudgment interest at the contract rate without ruling on the issue of whether the interest should have been decided by the jury. Appellants filed no post-trial motions. *See Elam v. South Carolina Dep't of Transp.,* 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) (stating a party must file a motion to reconsider when an issue has been raised, but not ruled on, to preserve issue for appellate review).

prejudgment interest, requires me to respectfully concur in part and dissent in part.[4]

---

4. I recognize parties are free to contract for higher interest rates *within legal limits. See Taylor, Cotton & Ridley, Inc. v. Okatie Hotel Group,* 372 S.C. 89, 99, 641 S.E.2d 459, 464 (Ct.App.2007). However, the prejudgment interest rate here is clearly beyond any legal rate of interest and is unconscionable. *See* S.C.Code Ann. § 34–31–20(A) (Supp.2007) (setting legal rate of interest on accounts stated at 8.75 percent per annum).