THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Citimortgage,
 Inc. as Successor by merger to ABN AMRO Mortgage Group, Inc., Respondent,
 
 
 

v.

 
 
 
 David Jathniel
 Freeman, Appellant.
 
 
 

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

Unpublished Opinion No.  2012-UP-195
 Heard March 1, 2012  Filed March 21,
2012  

AFFIRMED

 
 
 
 Glenn Walters, of Orangeburg, for Appellant.
 Thad H. Westbrook, Michael J. Anzelmo, and James H. Burns, all of
 Columbia, for Respondent.
 
 
 

PER CURIAM:  Appellant
 David Freeman appeals from an order of the master-in-equity denying his motion
 to set aside a foreclosure sale and ordering him to post bond of $380,000.  Freeman
 argues (1) the foreclosure sale should be set aside because the published
 notice of sale failed to comply with the statutory requirements and because
 Respondent CitiMortgage, Inc.  never personally served him with the amended
 notice of sale and (2) the amount of bond ordered by the trial court was
 unconstitutionally excessive.  We affirm.
1.  We find no error in the
 master's decision to uphold the foreclosure sale.  See Wells Fargo Bank, NA v. Turner, 378 S.C. 147, 150, 662 S.E.2d 424, 425
 (Ct. App. 2008) (although the determination of whether a judicial sale should
 be set aside is a matter left to the sound discretion of the trial court, we
 review equitable matters de novo); Ex parte Moore, 352 S.C. 508, 510,
 575 S.E.2d 561, 562 (2003) ("The terms and conditions of a judicial sale
 are controlled by court order . . . and statute."); S.C. Code Ann. §§
 15-39-650, 660 (2005) (providing notice of a judicial sale must be publicly
 advertised in some gazette "three weeks immediately previous to the sale
 day"); S.C. Code Ann. § 15-29-30 (2005) ("When the statute requires a
 notice to be published . . . for three weeks or twenty-one days the publication
 of such notice in three successive weeks shall be sufficient if at least
 sixteen days shall have expired after the date of the first publication and on
 or before the date fixed for the doing of the thing of which notice is
 given."); In re Madison, 438 B.R. 866, 868 (Bankr. D.S.C. 2010)
 (applying South Carolina law and upholding a foreclosure sale held on August 2 when
 notice of the sale was published on July 17, 23, and 30); Rule 5(a), SCRCP
 (providing personal service is not required when a party is in default); Bartles
 v. Livingston, 282 S.C. 448, 454, 319 S.E.2d 707, 711 (Ct. App. 1984)
 (upholding the validity of a foreclosure sale where the defaulting defendant
 had actual notice of the foreclosure proceedings and constructive notice of the
 judicial sale through publication in accordance with the statutory
 requirements).
2.  As to whether
 the amount of bond ordered was unconstitutionally excessive, we find the issue
 unpreserved for our review.  See Bickerstaff v. Prevost, 380 S.C.
 521, 525-26, 670 S.E.2d 660, 662 (Ct. App. 2009) (finding constitutional
 arguments are no exception to the rules of preservation, and if not raised to
 the trial court, are deemed waived on appeal).  Even if the issue was properly
 preserved, we find no error.  See United Dominion Realty Trust, Inc.
 v. Wal-Mart Stores, Inc., 307 S.C. 102, 108, 413 S.E.2d 866, 870 (Ct. App.
 1992) (holding the amount of an appeal bond is a matter committed to the sound
 discretion of the trial court).
AFFIRMED.
PIEPER, KONDUROS,
 and GEATHERS, JJ., concur.