727 S.E.2d 769

**Charles BICKERSTAFF, M.D., and Barbara Magera, M.D., Appellants,**

v.

**Roger PREVOST d/b/a Prevost Construction, Inc., Respondent.**

**No. 4972.**

Court of Appeals of South Carolina.

Heard Feb. 29, 2012.

Decided May 16, 2012.

Steven L. Smith, of Charleston, for Appellants.

Frank M. Cisa, of Mt. Pleasant, for Respondent.

LOCKEMY, J.

In ′ this appeal, Charles Bickerstaff and Barbara Magera (Appellants) argue the circuit court erred in finding it lacked jurisdiction to consider Appellants' motion to set the rate of interest. Appellants contend: (1) the rate of interest applicable post-judgment was established in a prior order of the circuit court, and that order is the law of the case; (2) the circuit court erred in declining to consider matters not affected by this court's decision in the initial appellate process; (3) a post-judgment interest rate of 1% per day is punitive and grossly disproportionate to the amount of principal; and (4) the imposition of excessive post-judgment interest violates the Equal Protection Clause of the United States Constitution. We reverse and remand.

## FACTS/PROCEDURAL BACKGROUND

Appellants entered into a contract with Roger Prevost d/b/a Prevost Construction, Inc. (Prevost) for interior remodeling of their home. The home experienced significant water damage when a broken water line to the washing machine flooded the first floor of the residence. Thereafter, Appellants brought an action against Prevost alleging negligence and breach of implied warranty of workmanship as a part of the remodeling work. Prevost answered Appellants' complaint, and counterclaimed for breach of contract, implied contract/quantum meruit, and foreclosure of its previously filed mechanic's lien. Included in Prevost's counterclaims was a request for interest on any payment due pursuant to the contract, at the agreed-upon "daily rate of 1%."

A May 2006 jury trial resulted in a $6,437.62 verdict in favor of Prevost. Prevost made a post-trial motion for attorney's fees and prejudgment interest under the contract. The contractual provision at issue stated: "Payment due under this Contract but not paid shall incur a daily interest rate of 1% from the date the payment is due." The circuit court subsequently issued an order awarding Prevost $6,437.62 in attorney's fees and prejudgment interest as defined under the contract. Thereafter, Appellants appealed the circuit court's award of prejudgment interest to this court.

On March 28, 2007, Appellants filed a motion for leave to deposit funds into the register of the court. The circuit court granted Appellants' motion, finding that pursuant to the underlying contract, prejudgment interest on the $6,437.62 judgment accrued at the rate of 1% per day. The court also found post-judgment interest continued to accrue at the statutory rate of 11.25% per annum. Prevost subsequently filed a motion requesting the court alter or amend its order to provide that post-judgment interest accrues at the rate of 1% per day. The circuit court denied Prevost's motion, stating the following in a footnote:

The parties agree that the Order regarding Leave to Deposit Funds into the Register of the Court and the calculation of interest on the judgment contained therein has no bearing on the ultimate calculation of interest on the judgment; that matter will ultimately be determined by the Appellate

Court. Therefore, the parties agree that the calculation of pre and post-judgment interest contained in the Order regarding Leave to Deposit Funds is limited to the actual deposit of funds and relief requested in the motion.

In January 2009, this court affirmed the circuit court's award of prejudgment interest. *See Bickerstaff v. Prevost,* 380 S.C. 521, 670 S.E.2d 660 (Ct.App.2009). Subsequently, Appellants' petition for certiorari was denied. Following remittitur, Appellants filed a motion to set the rate of interest requesting the circuit court determine whether the judgment award should accrue post-judgment interest at the rate set by law or the rate established by the parties' contract. The circuit court found Appellants' motion was "not a motion to enforce a judgment or take action consistent with the appellate court's ruling, and, therefore, [the circuit court did] not have the authority to modify or set an interest rate." The circuit court found that "in regards to this matter and all other matters," the decision of this court was the law of the case, and concluded that the 1% per day interest rate affirmed by this court applied to prejudgment and post-judgment interest. This appeal followed.

## LAW/ANALYSIS

### I. Order Granting Motion for Leave to Deposit Funds

■ Appellants argue the rate of interest applicable post-judgment was established in the circuit court's order granting Appellants' motion for leave to deposit funds into the register of the court, and that order is the law of the case. We disagree.

In its order, the circuit court found

The judgment entered at the trial of this matter is a principal sum of Six Thousand Four Hundred Thirty–Seven and 62/100 ($6,437.62) dollars. Interest on this principal, pursuant to the underlying contract between the parties, accrued at the rate of One Percent per day prejudgment, and the judgment of the Court reflected the same. It continues to accrue post-judgment interest at the statutory rate of 11.25% per annum.

Appellants maintain this language establishes a post-judgment interest rate of 11.25% per annum. Prevost contends the

Appellants' argument ignores the circuit court's subsequent order denying Prevost's motion to alter or amend wherein the circuit court stated in a footnote

> The Court has consulted with the attorneys regarding the status of this motion by telephone on several occasions. The parties agree that the Order regarding Leave to Deposit Funds into the Register of the Court and the calculation of interest on the judgment contained therein has no bearing on the ultimate calculation of interest on the judgment; that matter will ultimately be determined by the Appellate Court. Therefore, the parties agree that the calculation of pre and post-judgment interest contained in the Order regarding Leave to Deposit Funds is limited to the actual deposit of funds and relief requested in the motion.

Prevost argues this footnote clearly establishes that the order denying Appellants' motion for leave to deposit funds had no bearing on the ultimate calculation of interest and was limited to the actual deposit of funds and the relief requested by Appellants. Appellants maintain that because Prevost's motion to alter or amend was denied, the comments made by the circuit court in the footnote were "merely dictum" and the order denying Prevost's motion to alter or amend is final and unappealable.

We agree with Prevost. The post-judgment interest rate was not established by the circuit court. The circuit court specifically noted in its order denying Prevost's motion to alter or amend that the calculation of post-judgment interest was "limited to the actual deposit of funds and the relief requested in the motion," and this court would ultimately determine the rate of post-judgment interest. Furthermore, Appellants admit in their reply brief that "[p]rior to remittitur, there had been absolutely no discussion, no hearing, and no ruling of any nature related to the question of the rate to be imposed post-judgment."

## II. Court of Appeals Decision

 Appellants argue post-judgment interest was not an issue before this court during the first appeal, and therefore, the circuit court erred in finding this court's January 2009 decision was the law of the case. We agree.

The circuit court determined it lacked jurisdiction to hear matters involving post-judgment interest. The court found the decision of this court was the law of the case, and concluded that the 1% per day interest rate affirmed by this court applied to prejudgment and post-judgment interest. The circuit court noted Appellants' motion to set the rate of interest was "not a motion to enforce a judgment or take action consistent with the appellate court's ruling, and, therefore, [the circuit court did] not have the authority to modify or set an interest rate." In a footnote, the circuit court stated

> Our Courts have held that the statutory interest rate under § 34–31–20(B) "is applicable only in the absence of a written agreement between the parties fixing a different rate of interest." *Renaissance Enterprises, Inc. v. Ocean Resorts, Inc.*, 326 S.C. 460, 466, 483 S.E.2d 796 (Ct.App.1997), *rev'd on other grounds by Renaissance Enterprises, Inc. v. Ocean Resorts, Inc.*, 334 S.C. 324, 513 S.E.2d 617 (1999) (citing *Turner Coleman, Inc. v. Ohio Construction & Engineering, Inc.*, 272 S.C. 289, 251 S.E.2d 738 (1979)). Further, "if a contract has specified a lawful rate of interest to be paid after maturity, the same rate will apply on the judgment entered on the contract." *Id.* This Court has no authority to modify the interest rate that was affirmed on appeal or rule on matters that were not remanded from the Appellate Court, but notes that these cases are controlling as to the issue of post-judgment interest.

We agree with Appellants that the sole issue before this court in the first appeal was prejudgment interest. This court clearly noted in its opinion that "[t]he award of prejudgment interest is the only issue before us on appeal." *Bickerstaff*, 380 S.C. at 524, 670 S.E.2d at 661. Pursuant to Rule 205, SCACR, "[u]pon the service of the notice of appeal, the appellate court shall have exclusive jurisdiction over the appeal," but nothing shall prohibit the lower court from proceeding with matters not affected by the appeal. Here, the issue of post-judgment interest was not affected by the first appeal to this court. Because the circuit court retains jurisdiction over matters not affected by the appeal, including the authority to enforce any matters not stayed by the appeal, we find the circuit court had the authority to rule on the issue of post-judgment interest. *See* Rule 241(a), SCACR. Accordingly,

we reverse the circuit court's determination that it lacked jurisdiction and remand for reconsideration of the issue of post-judgment interest.

## III. Constitutional Claims

Appellants argue a 1% per day post-judgment interest rate is punitive, grossly disproportionate to actual damages, and violates the Equal Protection Clause of the United States Constitution. Because Appellants failed to raise these arguments to the circuit court, they are not preserved for our review. *See Pye v. Estate of Fox,* 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) (holding issues must be raised to and ruled upon by the circuit court to be preserved for appellate review); *see also State v. Powers,* 331 S.C. 37, 42–43, 501 S.E.2d 116, 118 (1998) (finding constitutional arguments are not an exception to the rule, and if not raised to the circuit court are deemed waived on appeal).

## CONCLUSION

We reverse the circuit court's determination that it lacked jurisdiction and remand for reconsideration of the issue of post-judgment interest.

**REVERSED AND REMANDED.**

WILLIAMS and THOMAS, JJ., concur.