**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

R-Anell Housing Group, LLC, Respondent,

v.

Homemax, LLC, Appellant.

Appellate Case No. 2021-000658

Appeal From Lexington County
Jocelyn Newman, Circuit Court Judge

Unpublished Opinion No. 2023-UP-289
Submitted June 1, 2023 – Filed August 9, 2023

**AFFIRMED**

D. Michael Kelly and Bradley Davis Hewett, both of
Mike Kelly Law Group, LLC, of Columbia; and Thomas
J. Rode, of Thurmond Kirchner & Timbes, P.A., of
Charleston, all for Appellant.

James Samuel Murray and Robert Perry Mangum, both
of Turner Padget Graham & Laney, PA, of Augusta,
Georgia, for Respondent.

**PER CURIAM:** Homemax, LLC (Homemax) appeals the trial court's decision to grant R-Anell Housing Group, LLC's (R-Anell's) a directed verdict on Homemax's

negligence claim and to award prejudgment interest.  On appeal, Homemax argues the trial court erred in (1) awarding statutory prejudgment interest to Homemax; (2) finding the economic loss rule barred Homemax's negligence claims; and (3) finding email evidence regarding issues with the plastic wrapping on one of R-Anell's houses was irrelevant.  We affirm pursuant to Rule 220(b), SCACR.

1.  Initially, we hold Homemax's argument that the trial court abused its discretion in awarding prejudgment interest because R-Anell failed to plead prejudgment interest in its complaint is not preserved for appellate review because Homemax did not raise this argument to the trial court.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."). Moreover, we hold the trial court did not abuse its discretion in awarding statutory prejudgment interest to R-Anell, because the amount sought was for a sum certain and the amount claimed was demandable on March 24, 2018.  *See Historic Charleston Holdings, LLC v. Mallon*, 381 S.C. 417, 435, 673 S.E.2d 448, 457-58 (2009) ("The award of prejudgment interest will not be disturbed on appeal unless the trial court committed an abuse of discretion."); *id.*at 434, 673 S.E.2d at 457 ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion without evidentiary support."); S.C. Code Ann. § 34-31-20(A) (2020) ("In all cases of accounts stated and in all cases wherein any sum or sums of money shall be ascertained and, being due, shall draw interest according to law, the legal interest shall be at the rate of eight and three-fourths percent per annum."); *Butler Contracting, Inc. v. Ct. St., LLC*, 369 S.C. 121, 133, 631 S.E.2d 252, 258-59 (2006) ("[P]rejudgment interest is allowed on a claim of liquidated damages; i.e., the sum is certain or capable of being reduced to certainty based on a mathematical calculation previously agreed to by the parties."); *id.* at 133, 631 S.E.2d at 259 ("The proper test for determining whether prejudgment interest may be awarded is whether the measure of recovery, not necessarily the amount of damages, is fixed by conditions existing at the time the claim arose."); *Smith-Hunter Const. Co. v. Hopson*, 365 S.C. 125, 128, 616 S.E.2d 419, 421 (2005) (holding the trial court properly awarded prejudgment interest when the sum certain was ascertainable and established by invoices); *T.W. Morton Builders, Inc. v. von Buedingen*, 316 S.C. 388, 399, 450 S.E.2d 87, 93 (Ct. App. 1994) ("On an obligation to pay money, if the sum is certain or capable of being reduced to certainty, prejudgment interest is allowed from a point when the parties agreed, or the law provides, payment was demandable."); *Dixie Bell, Inc. v. Redd*, 376 S.C. 361, 371, 656 S.E.2d 765, 770 (Ct. App. 2007) (holding that in order to recover prejudgment interest when there is no operation of law to make the sum demandable, the plaintiff must prove an

agreement existed between the parties that the sum was actually due or demandable).

2. We hold the trial court did not err in granting R-Anell's motion for directed verdict because the economic loss rule barred Homemax's negligence claim. *See Burnett v. Family Kingdom, Inc.*, 387 S.C. 183, 188, 691 S.E.2d 170, 173 (Ct. App. 2010) ("When reviewing a trial court's ruling on a directed verdict motion, this court will reverse if no evidence supports the trial court's decision or the ruling is controlled by an error of law."); *id.* ("When reviewing the trial court's decision on a motion for directed verdict, this court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *Sapp v. Ford Motor Co.*, 386 S.C. 143, 147, 687 S.E.2d 47, 49 (2009) ("The purpose of the economic loss rule is to define the line between recovery in tort and recovery in contract."); *Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc.*, 320 S.C. 49, 54-55, 463 S.E.2d 85, 88 (1995) ("A breach of a duty which arises under the provisions of a contract between the parties must be redressed under contract, and a tort action will not lie."). The residential home exception to the economic loss rule does not apply here because the expectations of the parties for the delivery of the Christofoli House were set entirely by contract. *See Kennedy v. Columbia Lumber & Mfg. Co.*, 299 S.C. 335, 347, 384 S.E.2d 730, 738 (1989) (holding "[a] builder may be liable to a home buyer in tort despite the fact that the buyer suffered only 'economic losses' where: (1) the builder has violated an applicable building code; (2) the builder has deviated from industry standards; or (3) the builder has constructed housing that he knows or should know will pose serious risks of physical harm"); *id.* at 347, 384 S.E.2d at 737 ("The 'economic loss' rule will still apply where duties are created *solely* by contract."). Additionally, Homemax's claim does not fall within the residential home exception because it is a commercial entity, not an individual homebuyer, which is who the exception was created to protect. *See Sapp*, 386 S.C. at 148, 687 S.E.2d at 49 (explaining the residential home exception was created because a "home is typically an individual's single largest investment and is a completely different type of manufactured good than any other type of product that a consumer will buy" and "the transaction between a builder and a buyer for the sale of a home largely involves inherently unequal bargaining power").

3. We hold the trial court did not abuse its discretion by excluding the emails between R-Anell and its delivery company regarding issues with the plastic wrapping on another R-Anell house because the emails did not pertain to the

houses or the plastic wrapping issues involved in this case.[1] *See McCall v. IKON*, 380 S.C. 649, 660, 670 S.E.2d 695, 701 (Ct. App. 2008) ("The admission or exclusion of evidence is addressed to the sound discretion of the trial judge, whose decision will not be overturned absent an abuse of discretion."); *Historic Charleston Holdings, LLC*, 381 S.C. at 434, 673 S.E.2d at 457 ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion without evidentiary support."); *Way v. State*, 410 S.C. 377, 382, 764 S.E.2d 701, 704 (2014) (stating the appealing party must show error as well as resulting prejudice in order to warrant reversal). The emails did not address issues with the Christofoli House or Brown House, and the unspecified problems the delivery company's drivers had with the plastic wrapping, which do not appear to have resulted in damage to the house delivered, are not relevant to the issues with the plastic wrapping on the Christofoli House. *See* Rule 401, SCRE (defining relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Rule 402, SCRE (stating "[a]ll relevant evidence is admissible" while "[e]vidence which is not relevant is not admissible").

**AFFIRMED.**[2]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We hold Homemax's argument as to the relevance of the email referencing the weight of the Christofoli House is not preserved for appellate review because it did not raise this argument to the trial court. *See Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.